UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

Civil Action No.    2005 SEP - 1  P 12: 53

## 05 - 11806 RWZ

U.S. DISTRICT COURT
DISTRICT OF MASS.

JODY REILLY
Plaintiff

v.

THOMAS ROBBINS, as Colonel of
the Massachusetts State Police
Defendant

**COMPLAINT**

MAGISTRATE JUDGE

RECEIPT # 66567
AMOUNT $ 250
SUMMONS ISSUED NO
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. ____
DATE 9/1/05

## **THE ACTION**

1.    The Plaintiff, Jody Reilly, an employee of the Massachusetts State Police

and the first female helicopter pilot employed by the Massachusetts State

Police, brings this action seeking compensatory and punitive damages

against the Defendant, Thomas Robbins, as Colonel of the Massachusetts

State Police, for (a) discriminating against the Plaintiff based on her

gender (female), (b) sexually harassing the Plaintiff, and (c) discriminating

against the Plaintiff (i) for opposing practices that are unlawful

employment practices under Chapter 21 of Title 42 of the United States

Code and (ii) because the Plaintiff made a charge, testified, assisted or

participated in any manner in an investigation, proceeding or hearing

under Title 42, Chapter 21, Subchapter VI of the United States Code, in

violation of 42 U.S.C., §§ 2000e-2 and 2000e-3 and Massachusetts

General Laws Chapter 151B, §§ 4(1), 4(16A), 4(4), 4(4A), and 4(5).

The Defendant and the Defendant's agents and employees have singled out the Plaintiff and have subjected her to disparate treatment on the basis of her gender, by unfairly questioning her qualifications, subjecting her licensure to undue scrutiny, and taking other adverse actions against her. The Defendant and the Defendant's agents and employees have also subjected the Plaintiff to a sexually hostile and offensive workplace and the Defendant's agent and employee, Lieutenant Michael Barry, has subjected the Plaintiff to unwelcome sexual advances, and other offensive conduct of a sexual nature, affecting the Plaintiff's employment.

In addition, the Defendant and the Defendant's agents and employees have retaliated against the Plaintiff by (a) turning their investigation of the Plaintiff's internal sexual harassment complaint into an unwarranted investigation of the Plaintiff's personal life and flight log books, after the Defendant and the Defendant's agents and employees had the Plaintiff's log books in their possession for over year and had documentation supporting the Plaintiff's flight log book entries from the time those entries were made, (b) involuntarily transferring the Plaintiff from her chosen position within the Massachusetts State Police Air Wing, and (c) taking action to suspend the Plaintiff for eighteen months and to bar the Plaintiff from being assigned to the Air Wing ever again. The Plaintiff seeks an order (a) requiring the Defendant to reinstate her to her previous position as a helicopter pilot in the Massachusetts State Police

Air Wing and to cease all unlawful discrimination against her, and (b) for

compensatory and punitive damages.

## JURISDICTION AND VENUE

2.      Jurisdiction over the subject matter of this action is conferred upon this

Court by 42 U.S.C., §§ 2000e-5 and by 28 U.S.C., § 1331.

3.      Venue in the United States District Court, District of Massachusetts is

proper pursuant to 42 U.S.C., § 2000e-5(f)(3) and 28 U.S.C., § 1391, in

that the Plaintiff is employed by the Massachusetts State Police in

Massachusetts; all of the unlawful employment practices took place, and a

substantial part of the events or omissions giving rise to the Plaintiff's

claims occurred, within the counties of Plymouth, Middlesex, and

Hampden in the judicial district of Massachusetts; the employment records

relevant to the unlawful employment practices are maintained and

administered in Middlesex County in the judicial district of Massachusetts;

the Massachusetts State Police's principal office is located in

Framingham, Middlesex County, Massachusetts; and the Defendant

resides in the Commonwealth of Massachusetts.

## PROCEDURAL REQUIREMENTS

4.      On January 12, 2004, the Plaintiff filed a timely charge of discrimination

with the Massachusetts Commission Against Discrimination and the

United States Equal Employment Opportunity Commission, properly

alleging that the Defendant and the Defendant's agents and employees

discriminated against the Plaintiff (a) based on her gender (female); (b) by

sexually harassing the Plaintiff; (c) for opposing practices that are unlawful employment practices under Chapter 21 of Title 42 of the United States Code; and (d) because the Plaintiff made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under Title 42, Chapter 21, Subchapter VI of the United States Code, in violation of 42 U.S.C., §§ 2000e-2 and 2000e-3 and Massachusetts General Laws Chapter 151B, §§ 4(1), 4(16A), 4(4), 4(4A), and 4(5).

5.     On July 7, 2005, the Equal Employment Opportunity Commission mailed to the Plaintiff a notice of right to sue formally notifying her of her right to file a civil action. A copy of the notice of right to sue is attached as Exhibit 1 hereto.

6.     The Plaintiff filed her Complaint in this civil action within ninety (90) days of the date she received notification of her right to sue.

7.     All conditions precedent to the institution of this lawsuit, pursuant to 42 U.S.C. Section 2000e-5(f)(1), have been fulfilled.

**PARTIES**

8.     The Plaintiff, Jody Reilly, resides at 9 Vickerson Ave., Sagamore Beach, Barnstable County, Massachusetts and is employed by the Massachusetts State Police, a department of the Commonwealth of Massachusetts with a principal place of business at 470 Worcester Road, Framingham, Middlesex County, Massachusetts.

9.     The Defendant, Thomas Robbins, is the Colonel of, and the highest-ranking officer for, the Department of the Massachusetts State Police, a

department of the Commonwealth of Massachusetts with a principal place of business at 470 Worcester Road, Framingham, Middlesex County, Massachusetts, where the Defendant, Thomas Robbins, is employed and works.

## FACTS

10.  The Plaintiff, Jody Reilly, has been an employee of the Massachusetts Department of State Police since June 7, 1993.

11.  The Plaintiff, Jody Reilly, at all times relevant hereto, performed her work responsibilities at the Massachusetts State Police competently.

12.  Despite the Plaintiff, Jody Reilly's competent work performance, she was singled out as a woman and retaliated against for complaining about her discriminatory, hostile and offensive work environment with an investigation that was focused on (a) the Plaintiff's relationship with a superior officer that in no way violated any State Police policy and (b) scrutiny of the Plaintiff's flight log books, after (i) having those books for over a year; (ii) having already accepted the flight time in those books; and (iii) having its own records supporting the Plaintiff's documented flight time from the time the flights were taken.  The investigation was conducted by the Massachusetts State Police's Harassment Investigation Unit and several high-level Massachusetts State Police officials, as a discriminatory and retaliatory response to sexual harassment complaints that the Plaintiff filed against her direct supervisor, Lieutenant Michael Barry, and a male colleague, Trooper Timothy Riley.

13.    The Massachusetts State Police failed to properly investigate the Plaintiff's
       sexual harassment complaints and instead focused a harassing,
       retaliatory investigation on the Plaintiff's personal life, as well as her flight
       training, which had already been approved by the Federal Aviation
       Administration and accepted by the Massachusetts State Police.

**Plaintiff's Employment History in the Air Wing**

14.    In March, 2000, the Massachusetts State Police assigned the Plaintiff to
       work in its Air Wing.

15.    The Plaintiff was assigned to the Air Wing as a Tactical Flight Officer.

16.    Approximately five to six months after her assignment to the Air Wing, the
       Plaintiff was promoted to the position of Lead Tactical Flight Officer, based
       upon her competent work performance as a Tactical Flight Officer.

17.    In 2001, based upon the Plaintiff's competent work performance in the
       positions of Tactical Flight Officer and Lead Tactical Flight Officer, the
       Massachusetts State Police selected the Plaintiff for helicopter pilot
       training.

**Plaintiff's Helicopter Pilot Licensure**

18.    In September, 2001, the Plaintiff earned and received her commercial
       helicopter pilot license from the Federal Aviation Administration ("FAA").

19.    The Plaintiff earned her helicopter pilot license through training sponsored
       by the Massachusetts State Police. The Massachusetts State Police
       monitored and provided the Plaintiff's helicopter pilot training, both directly
       and through outside vendors.

20. The Plaintiff's licensure was based, in part, on her receipt of a score of 98 (out of 100) on her commercial helicopter pilot license examination, which far exceeded the minimum passing score of 70.

21. With her license, the Plaintiff became the first female helicopter pilot employed by the Massachusetts State Police.

22. On January 16, 2002, the Plaintiff earned and received an instrument rating from the Federal Aviation Administration.

23. The Plaintiff's instrument rating was based, in part, on her receipt of a score of 98 (out of 100) on her instrument rating examination, which far exceeded the minimum passing score of 70.

24. On August 19, 2002, the Plaintiff was released by the Massachusetts State Police as a "probationary aircraft commander."

**Disparate Treatment of the Plaintiff as a Woman**

25. During her employment in the Air Wing and thereafter, the Plaintiff has repeatedly been singled out as a female and subjected to disparate treatment on the basis of her gender. This unfavorable treatment includes, but is not limited to the following:

   a. the Defendant and the Defendant's agents and employees' actions from September, 2001 to present in conducting a harassing investigation of the Plaintiff's commercial helicopter pilot licensure, which has included questioning her instructors outside of the Massachusetts State Police, inquiring about her examination scores, making unprecedented requests for her logbooks,

repeatedly contacting the FAA to question her licensure, when the
Massachusetts State had its own records backing up the Plaintiff's
recorded flight times, permanently transferring the Plaintiff out of
the Massachusetts State Police Air Wing, and announcing the
Plaintiff's prospective eighteen month suspension from her
employment with the Massachusetts State Police;

b. the Defendant and the Defendant's agents and employees' actions
in questioning the legitimacy of the Plaintiff's success in pilot
training and unjustly attributing the Plaintiff's achievements to
preferential treatment arising from a relationship with a male
superior officer;

c. the Defendant and the Defendant's agents and employees' actions
in conducting an investigation of the Plaintiff's personal life and her
relationship with a male superior officer, when the Massachusetts
State Police had no policy on fraternization, nor any policy
restricting employees from having personal relationships with their
superior officers;

d. Massachusetts State Police Air Wing officers' statements in March,
2002, indicating that they felt it was unsafe for the Plaintiff to have
participated in a fire training that she attended with her male
colleagues that month, when it was entirely appropriate for the
Plaintiff to have participated in the training;

e.  the Plaintiff's superior officer, Captain Baima's actions in
    approximately March, 2002, in falsely attributing three officers'
    requests to leave the Air Wing to the Plaintiff's receipt of pilot
    training in general and fire training specifically;

f.  the Defendant and the Defendant's agents and employees' unfair
    refusal to grant the Plaintiff's request to advance to the status of
    Restricted Pilot in Charge in May, 2002, when the Plaintiff was fully
    qualified to advance to this position;

g.  Massachusetts State Police Chief Legal Counsel Eleanor Sinnott's
    actions in the Summer of 2002, in contacting the Federal Aviation
    Administration, without cause, and demanding that they revoke the
    Plaintiff's commercial helicopter pilot license;

h.  Lieutenant Michael Barry's unfair denial of the Plaintiff's July 2,
    2002 request for training necessary to receive her certified flight
    instructor rating, on September 17, 2002;

i.  the Defendant and its agents and employees' unfair refusal to grant
    the Plaintiff's reasonable January 12, 2003 request for night hours
    to accumulate night-time flying experience until April 18, 2003 and
    their imposition of onerous restrictions on the Plaintiff's night-time
    flying when her request was finally granted;

j.  Massachusetts State Police Chief Legal Counsel Eleanor Sinnott's
    actions in July of 2003, in responding to a letter from the Federal
    Aviation Administration stating that the Plaintiff's commercial

helicopter pilot's license is valid, by informing the Federal Aviation
Administration that its letter was "unacceptable" and requesting
another letter. The Federal Aviation Administration again
responded to Attorney Sinnott, by informing her that the Plaintiff's
license is valid and on August 12, 2003, Attorney Sinnott, in a
meeting with the Plaintiff, the Plaintiff's attorney, Lieutenant
Christine Bernard McNamara of the Massachusetts State Police's
Harassment Division, and Massachusetts State Police Lieutenant
Colonel Bradley Hibbard, denied contacting the Federal Aviation
Administration regarding revoking the Plaintiff's license and falsely
stated that the Federal Aviation Administration had written to her
indicating that the Plaintiff's license had been issued in error. The
Defendant and the Defendant's agents and employees took such
actions against the Plaintiff's license after having her logbooks in
their possession for over a year;

k. Lieutenant Michael Barry's actions at a meeting of the Air Wing on
August 13, 2003, in announcing to the Plaintiff and her fellow
officers that he had been trying to "settle the issue" of the Plaintiff's
license for over a year and that the Federal Aviation Administration
had resolved the matter by stating that they had made "mistakes" in
connection with her license and would never issue a license in the
same manner, but her license is "okay." Lieutenant Barry

misrepresented the statements of the Federal Aviation
Administration at this meeting;

l.  Sergeant Barry Domingos' unfair criticisms of the Plaintiff as part of
an August, 2003 performance evaluation; and

m.  the Defendant and the Defendant's agents and employees' actions
in singling out Trooper Kurt Burchfiel and chastising him for flying
with the Plaintiff and befriending her.

**False and Unflattering Rumors Regarding the Plaintiff**

26.  During her employment in the Air Wing and thereafter, the Plaintiff has
repeatedly been singled out as a female and made the subject of a series
of false and unflattering rumors, including but not limited to:

a.  Rumors spread by Lieutenant Michael Barry, along with a
Massachusetts State Police Trooper, Tim Riley, in the Summer of
2001, falsely and improperly alleging that (i) the Plaintiff had failed
a flight training course that she had taken in New Jersey in July,
2001; and (ii) the Plaintiff was selected for flight training due to
preferential treatment from the commander of the Air Wing,
Lieutenant Michael Melia;

b.  Rumors spread by Lieutenant Barry, along with Trooper Tim Riley,
in the Summer of 2001, alleging that, upon Lieutenant Michael
Melia's retirement and Lieutenant Michael Barry's expected
promotion to commander of the Air Wing, the Plaintiff would be
removed from the pilot training program; and

c. Rumors initiated by Lieutenant Michael Barry and promulgated by the Defendant and the Defendant's agents and employees falsely indicating that (i) improper favors were given to the FAA in order for the Plaintiff to receive her commercial helicopter pilot's license; (ii) the Plaintiff had altered ("cooked") her flight logbooks in relation to her flight time; and (iii) requirements had been waived for the Plaintiff to receive her license.

27.    As a result of the aforementioned rumors, the Plaintiff's colleagues repeatedly questioned her abilities and commented to her and others about concerns they had about her qualifications.

**Sexual Harassment**

28.    During her employment in the Air Wing, the Plaintiff was repeatedly subjected to unwanted sexual advances from her superior officer, Lieutenant Michael Barry. This unwelcome sexual conduct included, but was not limited to:

a. Repeated invitations from Lieutenant Barry to meet with Lieutenant Barry socially, often at a nightclub or bar, despite the Plaintiff's consistent refusal of such requests;

b. An incident in early Fall, 2001, in which Lieutenant Barry spoke with the Plaintiff in the office, alone, and told her that he "loved [her] like a sister" and that he was disturbed by rumors that he had heard about her, after which Lieutenant Barry drove the Plaintiff off the Air Base to purchase coffee and then parked his car away from normal

motor vehicle and pedestrian traffic to tell the Plaintiff that he was "all fucked up" because the Plaintiff was no longer assigned to fly with him, as his Tactical Flight Officer, causing the Plaintiff to feel extremely uncomfortable; and

c. Lieutenant Barry fostered untrue rumors that he was engaged in an intimate relationship with the Plaintiff.

29. The Defendant and the Defendant's agents and employees have singled out the Plaintiff, (a) turned an investigation of a sexual harassment complaint filed by the Plaintiff into an investigation of her personal life and her credentials, (b) subjected the Plaintiff's flight log books to undue scrutiny after (i) having those books in its possession for over a year and (ii) having documentation in the Massachusetts State Police's records supporting the entries in the Plaintiff's log books for an even longer period of time, and (c) attempted to have the Plaintiff's license revoked, without cause, both because she is a woman and because she has complained about gender bias and her sexually hostile work environment in the Massachusetts Department of State Police Air Wing.

30. On February 22, 2003, Lieutenant Michael Barry announced aircraft commander eligibility requirements that would not permit the Plaintiff to count some of the flight time she had already accumulated, because Lieutenant Barry incorrectly maintained that the Plaintiff had accumulated the time illegally.

31.    As a result of the Defendant and the Defendant's agents and employees'
actions in unfairly scrutinizing the Plaintiff's license, questioning the
validity of her license, and spreading rumors about her, the Plaintiff was
treated in a hostile manner and shunned by her colleagues and superiors.

**Pool Incident**

32.    On April 29, 2003, the Plaintiff was exposed to hostile and offensive
sexual conduct in her workplace, when, during a training exercise
attended by the Plaintiff, a trooper, Tim Riley, made an offensive comment
while the trainees were engaged in a training exercise in a pool, likening
the training equipment to a male's genitals.

**Sexual Harassment Complaints**

33.    On April 30, 2003, Trooper Kurt Burchfiel made a sexual harassment
complaint to Lt. Mike Barry regarding the April 29, 2003 training incident.

34.    On May 7, 2003, the Plaintiff sent a written sexual harassment complaint
to Lieutenant Michael Barry and the Massachusetts State Police's
Harassment Investigation Unit, complaining of the April 29, 2003 training
incident.

35.    In an attempt to further ostracize the Plaintiff with her colleagues,
Lieutenant Michael Barry informed members of the Air Wing that the
Plaintiff had complained of the April 29, 2003 training incident.

36.    On February 10, 2004, the Massachusetts State Police wrongly issued a
finding that Trooper Tim Riley was "exonerated," in response to the

Plaintiff's and Trooper Burchfiel's sexual harassment complaints against him.

37.    On May 25, 2003, the Plaintiff filed a sexual harassment complaint against Lieutenant Michael Barry, with the Massachusetts State Police Harassment Investigation Unit.

38.    On May 17, 2004, the Massachusetts State Police wrongly issued a finding that Lieutenant Barry was "exonerated," in response to the Plaintiff's sexual harassment complaint.

39.    On January 12, 2004, the Plaintiff filed a complaint with the Massachusetts Commission Against Discrimination and the United States Equal Employment Opportunity Commission against her employer, the Massachusetts State Police, Former Colonel Thomas Foley, Former Deputy Superintendent/Lieutenant Colonel Bradley Hibbard, Chief Legal Counsel Eleanor Sinnott, and Lieutenant Michael Barry, for discriminating against her on the basis of her gender, sexually harassing her, and retaliating against her for complaining regarding the Massachusetts State Police and its agents and employees' discriminatory and harassing conduct.

40.    In communicating her complaints to her superiors in the Massachusetts State Police, the Massachusetts State Police Harassment Investigation Unit, the Massachusetts Commission Against Discrimination, and the United States Equal Employment Opportunity Commission, the Plaintiff

opposed practices that are unlawful employment practices under Chapter 21 of Title 42 of the United States Code.

41.    When the Plaintiff pursued her gender discrimination, sexual harassment, and unlawful retaliation complaints with her superiors in the Massachusetts State Police, the Massachusetts State Police Harassment Investigation Unit, the Massachusetts Commission Against Discrimination and the United States Equal Employment Opportunity Commission, the Plaintiff made a charge, testified, assisted and participated in an investigation and proceeding under Title 42, Chapter 21, Subchapter VI of the United States Code.

42.    The Defendant was aware of (a) the Plaintiff's complaints to her superiors in the Massachusetts State Police, the Massachusetts State Police Harassment Investigation Unit, the Massachusetts Commission Against Discrimination and the United States Equal Employment Opportunity Commission, (b) the Plaintiff's opposition to unlawful employment practices under Chapter 21 of Title 42 of the United States Code, and (c) the Plaintiff's assistance with investigations and proceedings before the Massachusetts Commission Against Discrimination and the United States Equal Employment Opportunity Commission, under Title 42, Chapter 21, Subchapter VI of the United States Code.

**Retaliation**

43.    In response to the Plaintiff's sexual harassment and gender discrimination complaints, the Defendant and the Defendant's agents and employees

have engaged in a campaign of retaliation against the Plaintiff, which has included the following adverse employment actions against her:

   a. The Defendant and the Defendant's agents and employees engaged in a long-term campaign of retaliation against the Plaintiff that included turning an investigation of a sexual harassment complaint filed by the Plaintiff into an investigation of the Plaintiff's personal life and pilot training, that (i) involved, but was not limited to, (A) monitoring the Plaintiff's activities outside of work hours, (B) making an unprecedented request for the Plaintiff's flight log books, when the Massachusetts State Police had its own records documenting the accuracy of the Plaintiff's claims regarding her flight training, and (C) proceeding to scrutinize the Plaintiff's log books after having them in their possession for over a year, and (ii) that culminated in (A) attempts by the Defendant and the Defendant's agents and employees to have the Plaintiff's pilot's licensure revoked, (B) the Plaintiff's involuntary transfer out of the Air Wing, (C) a recommendation for an eighteen month suspension of the Plaintiff from her employment with the Massachusetts State Police, and (D) a recommendation for a prohibition against the Plaintiff ever returning to the Air Wing as an employee.

   b. In the Summer of 2003, after the Plaintiff had filed her sexual harassment complaint with the Massachusetts State Police's Harassment Investigation Unit, Lieutenant Colonel Oscar Langford

visited the Air Wing to conduct a meeting with the Air Wing staff, in which he responded to the Plaintiff's sexual harassment complaint by stating that (i) the Air Wing had become an embarrassment to him; (ii) he wanted all of the "bickering and foolishness to stop," (iii) he did not want to hear from the staff of the Air Wing any more; and (iv) the next time an Air Wing staff member wrote a letter, he would "lay the hammer down" and the staff member would be transferred;

c. After the Plaintiff had voiced her opposition to the gender discrimination and sexual harassment to which she was subjected in her workplace, Lieutenant Barry told her that he was looking to have the FAA write a letter stating that she should not have been licensed on September 16, 2001, but that she had since qualified with her flight time after September 16, 2001;

d. In January, 2004 and February, 2004, after the Plaintiff filed her charge of discrimination with the Massachusetts Commission Against Discrimination, the Massachusetts State Police refused to respond to threats and insults that the Plaintiff had received from Lieutenant Barry's wife, Lisa Barry, as a result of the Plaintiff's harassment and discrimination complaints, including Ms. Barry's statement to the Plaintiff, "You'll get yours some day;"

e. On January 25, 2004, after the Plaintiff filed her charge of discrimination with the Massachusetts Commission Against Discrimination, Captain Concannon and Lieutenant Lane met with

the Plaintiff for the stated purpose of discussing her "status" in the Air Wing. During the meeting, Captain Concannon and Lieutenant Lane (i) pulled out a copy of the charge of discrimination the Plaintiff filed with the Massachusetts Commission Against Discrimination, (ii) read a passage from the Plaintiff's charge of discrimination regarding the emotional distress that the Plaintiff suffered as a result of the Defendants' discriminatory and harassing conduct, (iii) stated to the Plaintiff that a pilot's ability to fly may be adversely affected after an emotional or stressful incident, (iv) asked the Plaintiff if she had fully recovered from her emotional distress, and (v) stated that they were concerned about all of the employees of the Air Wing feeling safe, despite the Plaintiff's assurance to them that she was fit to fly and their acknowledgment that "everyone says that [the Plaintiff is] a good pilot." Captain Concannon and Lieutenant Lane concluded the meeting by stating that they would discuss the Plaintiff's situation with the Colonel;

f.  On January 28, 2004, the Plaintiff approached her superior officer, Sergeant Barry Domingos, and asked him for his thoughts regarding her meeting with Captain Concannon and Lieutenant Lane and he told her that she should "keep the small stuff in-house;"

g.  On or about February 17, 2004, Trooper Matthew Domnarski circulated the Plaintiff's Massachusetts Commission Against

Discrimination Charge of Discrimination to personnel around the Massachusetts State Police's Westover and Plymouth Air Wings.

h.  On or about February 29, 2004, Captain Michael Concannon issued a report addressed to Colonel Thomas Foley regarding an investigation that he had conducted of the Massachusetts State Police Air Wing. In his report, Captain Concannon (i) acknowledges that it is common knowledge within the Air Wing that the Plaintiff had filed complaints against Lieutenant Michael Barry and Trooper Timothy Riley alleging harassment and discrimination and addressing the Plaintiff's hostile work environment; (ii) cites the emotional distress and mental stress claims in the Plaintiff's charge of discrimination with the Massachusetts Commission Against Discrimination as a reason to question her suitability to continue flying; (iii) criticizes the Plaintiff for failure to "put the events of the past behind [her]" and "become a team player," indicating that her charge of discrimination was seen as uncooperative behavior; and (iv) states that "it was suggested that perhaps it would be best for all concerned that [the Plaintiff] not remain with the [Air Wing] during the pending department and MCAD inquiries" into her complaints of gender discrimination and sexual harassment;"

i.  On March 3, 2004, Oscar Langford, Lieutenant Colonel of Field Division Services for the Massachusetts State Police, and Captain Concannon met with the Plaintiff to inform her that Captain

Concannon was recommending that she be transferred from the Air Wing and Lieutenant Colonel Langford was effectuating her transfer from the Air Wing, as a result of "the investigations going on," which the Plaintiff understood to be the investigation of her discrimination and harassment complaints. Later in the meeting, Lieutenant Colonel Langford stated to the Plaintiff, "You know, I don't mean to preach, but I came down there and told you that the foolishness and bickering had to stop and some people had a problem, I guess, with what I said, but this is our Air Wing and we have to be safe and we already had a crash in 1995." The Plaintiff was not a member of the Air Wing at the time of the crash;

j.    On or about March 3, 2004, the Plaintiff was involuntarily "temporarily" transferred to the Motor Vehicle Regulatory Section, where the Plaintiff has been assigned since the date of her transfer. As a trained helicopter pilot, the Plaintiff's transfer to the Motor Vehicle Regulatory Section has been unwelcome to her. The only other female officer in the Air Wing was transferred out of the Air Wing at approximately the same time as the Plaintiff's transfer. The Plaintiff has been denied career opportunities, the opportunity to work in, and accumulate experience in, her chosen profession as a helicopter pilot, and substantial opportunities for overtime compensation that were available to her in the Air Wing, as a result of her transfer;

k.  In a May, 2004 Massachusetts State Police newsletter, Colonel
Thomas Foley published a "Message from the Colonel," in which he
publicly disparaged the Plaintiff and injured her reputation as a
competent, safe pilot, by attributing his decision to transfer the
Plaintiff and a few of her colleagues from the Air Wing to "some
issues that had the potential to negatively [a]ffect the efficient and
safe operation of the Air Wing." In his "message," Colonel Foley
defended his decision to transfer the Plaintiff and her colleagues by
stating that he was "not going to allow the safety of [the Plaintiff's
colleagues who remain in the Air Wing] to be compromised or allow
anyone to relive the horrific tragedies of the past." Colonel Foley
made these remarks, directly implying that the Plaintiff was an
unsafe pilot, while knowing that the Plaintiff had a well-established
safe, competent flying record and that she was never in any way
involved in any "tragedies;"

l.  The Massachusetts State Police Harassment Investigation Unit has
interviewed the Plaintiff twice in connection with the sexual
harassment and gender discrimination complaints that she filed
against Lieutenant Barry and Trooper Riley. After interviewing the
Plaintiff on June 23, 2003, the Massachusetts State Police's
Harassment Investigation Unit called the Plaintiff in for a second
interview on April 12, 2004. The focus of the April 12, 2004
interview was not an investigation of the Plaintiff's complaints of

harassment and discrimination, but rather, was a retaliatory investigation directed at the Plaintiff, the Plaintiff's relationship with her former Lieutenant, Michael Melia, and the form, not the substance, of the entries in the Plaintiff's flight log book. The Massachusetts State Police commenced its investigation of the Plaintiff's flight log book entries after it had the Plaintiff's log books in its possession for over a year, when it had documentation of the accuracy of the Plaintiff's flight log book entries in its own records from the time the entries were made;

m.  On or about May 19, 2004, Major Thomas R. McGilvray, Deputy Commander of Standards for the Massachusetts State Police, sent the Plaintiff a memorandum notifying her that she is the subject of an internal investigation "in regards to the truthfulness of statements that [the Plaintiff] made during interviews regarding the complaint that [she] filed with the Harassment Investigation Unit against Lieutenant Michael Barry." Major McGilvray advised the Plaintiff in his letter of May 19, 2004 that "the investigation also concerns the truthfulness of entries made into [the Plaintiff's flight] logbook ... that reflects the flights from 1993 through 2001;" and

n.  On April 27, 2005, the Massachusetts State Police announced the Plaintiff's prospective eighteen month suspension from her employment with the Massachusetts State Police and a prospective

action to bar her from ever returning to work for the Massachusetts State Police Air Wing; and

o.  From the time of the Plaintiff's initial complaints to the present, the Defendant and the Defendant's agents and employees have subjected the Plaintiff to a hostile and offensive work environment.

44.  When the Defendant and the Defendant's agents and employees undertook the actions described in the preceding paragraph and subparagraphs of this Complaint, the Defendant and the Defendant's agents and employees were discriminating against the Plaintiff for opposing practices that are unlawful employment practices under Chapter 21 of Title 42 of the United States Code and for making a charge and participating and assisting with an investigation and proceeding under Title 42, Chapter 21, Subchapter VI of the United States Code.

45.  The above-referenced acts of retaliation of the Defendant and the Defendant's agents and employees against the Plaintiff were continuing in nature.

46.  As a result of the Defendant and the Defendant's agents and employees' actions, the Plaintiff has been:

a.  subjected to undue scrutiny, unfair criticism, and an improper investigation;

b.  falsely accused of improperly obtaining her helicopter pilot's licensure;

c.  caused to suffer an undesirable job transfer, a prospective suspension, and other adverse employment actions;

d.  caused to suffer lost wages;

e.  caused to suffer a loss of opportunities to advance her career;

f.  subjected to undue hostility from supervisors and colleagues;

g.  subjected to unfair and unwarranted disciplinary action, including filing undeserved charges against her;

h.  subjected to a hostile and offensive work environment;

i.  caused to experience emotional distress, humiliation, and mental anguish;

j.  subjected to false accusations, damaging her reputation;

k.  denied the opportunity to practice her chosen profession; and

l.  caused to lose substantial experience in her chosen profession, damaging her future job prospects.

## COUNT I – DISCRIMINATION BASED ON GENDER IN VIOLATION OF 42 U.S.C. § 2000e BY THE DEFENDANT, THOMAS ROBBINS, AS COLONEL OF THE MASSACHUSETTS STATE POLICE

47.  The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 46 inclusive with like force and effect as if fully set forth herein.

48.  The Defendant, Thomas Robbins, as Colonel of the Massachusetts State Police, intentionally discriminated against the Plaintiff on the basis of her gender. Said discrimination included disparate treatment and disparate impact gender discrimination, as well as quid pro quo and hostile work environment sexual harassment.

49.    The actions and conduct of the Defendant, Thomas Robbins, as Colonel of the Massachusetts State Police, violated Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*).

50.    As a result of the Defendant, Thomas Robbins' unlawful discrimination against the Plaintiff on the basis of her gender, the Plaintiff has been:

   a.  subjected to undue scrutiny, unfair criticism, and an improper investigation;

   b.  falsely accused of improperly obtaining her helicopter pilot's licensure;

   c.  caused to suffer an undesirable job transfer, a prospective suspension, and other adverse employment actions;

   d.  caused to suffer lost wages;

   e.  caused to suffer a loss of opportunities to advance her career;

   f.  subjected to undue hostility from supervisors and colleagues;

   g.  subjected to unfair and unwarranted disciplinary action, including having undeserved charges filed against her;

   h.  subjected to a hostile and offensive work environment;

   i.  caused to experience emotional distress, humiliation, and mental anguish;

   j.  subjected to false accusations, damaging her reputation;

   k.  denied the opportunity to practice her chosen profession; and

   l.  caused to lose substantial experience in her chosen profession, damaging her future job prospects.

53. The actions and conduct of the Defendant, Thomas Robbins, as Colonel of the Massachusetts State Police, violated Massachusetts General Laws Chapter 151B.

54. As a result of the Defendant, Thomas Robbins' unlawful discrimination against the Plaintiff on the basis of her gender, the Plaintiff has been:

   a.  subjected to undue scrutiny, unfair criticism, and an improper investigation;

   b.  falsely accused of improperly obtaining her helicopter pilot's licensure;

   c.  caused to suffer an undesirable job transfer, a prospective suspension, and other adverse employment actions;

   d.  caused to suffer lost wages;

   e.  caused to suffer a loss of opportunities to advance her career;

   f.  subjected to undue hostility from supervisors and colleagues;

   g.  subjected to unfair and unwarranted disciplinary action, including having undeserved charges filed against her;

   h.  subjected to a hostile and offensive work environment;

   i.  caused to experience emotional distress, humiliation, and mental anguish;

   j.  subjected to false accusations, damaging her reputation;

   k.  denied the opportunity to practice her chosen profession; and

   l.  caused to lose substantial experience in her chosen profession, damaging her future job prospects.

WHEREFORE, the Plaintiff makes the following claims for relief against the Defendant, Thomas Robbins, as Colonel of the Massachusetts State Police: (1) that the Defendant pay the Plaintiff compensatory damages, including but not limited to, back pay, front pay, damages for emotional pain and suffering and mental anguish, damages for humiliation and emotional distress, and all other such damages as may be permitted; (2) that the Defendant pay to the Plaintiff exemplary damages; (3) that the Defendant pay to the Plaintiff interest from the time of the injuries until the time of the filing of the claims in this matter; (4) that the Defendant pay to the Plaintiff interest from the time of the filing of this claim until the date of judgment; (5) that the Defendant pay to the Plaintiff her reasonable attorneys' fees; (6) that the Defendant reinstate the Plaintiff to her chosen position as a pilot in the Massachusetts State Police Air Wing; and (7) that the Court order such other relief as may be just and appropriate.

## COUNT III -- RETALIATION IN VIOLATION OF 42 U.S.C., § 2000e-3 BY THE DEFENDANT, THOMAS ROBBINS, AS COLONEL OF THE MASSACHUSETTS STATE POLICE

55.     The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 54 inclusive with like force and effect as if fully set forth herein.

56.     The Plaintiff states that her complaints to her superiors in the Massachusetts State Police, the Massachusetts State Police Harassment Investigation Unit, the Massachusetts Commission Against Discrimination and the United States Equal Employment Opportunity Commission were protected activity and constituted opposition to unlawful employment practices, within the meaning of the Civil Rights Act of 1964, §§ 701-717,

as codified in 42 U.S.C. §§ 2000e-2000e-17, and as amended in 1972, 1978, and by the Civil Rights Act of 1991, Pub. L. No. 102-166, and/or other applicable law.

57.    The Plaintiff says that the Defendant, Thomas Robbins, as Colonel of the Massachusetts State Police, by each of the actions described above, has displayed discriminatory and retaliatory animus toward the Plaintiff in violation of the Civil Rights Act of 1964, §§ 701-717, as codified in 42 U.S.C. §§ 2000e-2000e-17, and as amended in 1972, 1978, and by the Civil Rights Act of 1991, Pub. L. No. 102-166, and/or other applicable law.

58.    The Defendant, Thomas Robbins, as Colonel of the Massachusetts State Police, has discriminated against the Plaintiff for opposing practices that are unlawful employment practices under Chapter 21 of Title 42 of the United States Code, in violation of 42 U.S.C., § 2000e-3.

59.    The Defendant, Thomas Robbins, as Colonel of the Massachusetts State Police, has discriminated against the Plaintiff because she made a charge, testified, assisted and/or participated in any manner in an investigation, proceeding or hearing under Title 42, Chapter 21, Subchapter VI of the United States Code, in violation of 42 U.S.C., § 2000e-3.

60.    The Defendant, Thomas Robbins' acts of retaliation against the Plaintiff described herein, were willful and deliberate.

61.    The Defendant, Thomas Robbins' acts of retaliation against the Plaintiff constituted a continuing violation of 42 U.S.C., § 2000e-3.

62.  As a result of the retaliatory actions of the Defendant, Thomas Robbins,
     as Colonel of the Massachusetts State Police, described herein, the
     Plaintiff has been:

     a.  subjected to undue scrutiny, unfair criticism, and an improper
         investigation;

     b.  falsely accused of improperly obtaining her helicopter pilot's
         licensure;

     c.  caused to suffer an undesirable job transfer, a prospective
         suspension, and other adverse employment actions;

     d.  caused to suffer lost wages;

     e.  caused to suffer a loss of opportunities to advance her career;

     f.  subjected to undue hostility from supervisors and colleagues;

     g.  subjected to unfair and unwarranted disciplinary action, including
         having undeserved charges filed against her;

     h.  subjected to a hostile and offensive work environment;

     i.  caused to experience emotional distress, humiliation, and mental
         anguish;

     j.  subjected to false accusations, damaging her reputation;

     k.  denied the opportunity to practice her chosen profession; and

     l.  caused to lose substantial experience in her chosen profession,
         damaging her future job prospects.

     WHEREFORE, the Plaintiff makes the following claims for relief against
the Defendant, Thomas Robbins, as Colonel of the Massachusetts State Police:

(1) that the Defendant pay the Plaintiff compensatory damages, including but not limited to, back pay, front pay, damages for emotional pain and suffering and mental anguish, damages for humiliation and emotional distress, and all other such damages as may be permitted; (2) that the Defendant pay to the Plaintiff exemplary damages; (3) that the Defendant pay to the Plaintiff interest from the time of the injuries until the time of the filing of the claims in this matter; (4) that the Defendant pay to the Plaintiff interest from the time of the filing of this claim until the date of judgment; (5) that the Defendant pay to the Plaintiff her reasonable attorneys' fees; (6) that the Defendant reinstate the Plaintiff to her chosen position as a pilot in the Massachusetts State Police Air Wing; and (7) that the Court order such other relief as may be just and appropriate.

### COUNT IV – RETALIATION IN VIOLATION OF MASSACHUSETTS GENERAL LAWS CHAPTER 151B, § 4 (4), (4A), (5) BY THE DEFENDANT, THOMAS ROBBINS, AS COLONEL OF THE MASSACHUSETTS STATE POLICE

63.     The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 62 inclusive with like force and effect as if fully set forth herein.

64.     The Plaintiff states that her complaints to her superiors in the Massachusetts State Police, the Massachusetts State Police Harassment Investigation Unit, the Massachusetts Commission Against Discrimination and the United States Equal Employment Opportunity Commission and her actions in connection with said complaints (a) were protected activities pursuant to rights protected under Massachusetts General Laws Chapter 151B and (b) constituted both (i) opposition to acts forbidden under Massachusetts General Laws Chapter 151B and (ii) filing complaints,

testifying and assisting in proceedings under Massachusetts General Laws Chapter 151B, § 5, within the meaning of the Massachusetts General Laws Chapter 151B, § 4(4), (4A), and (5), and/or other applicable laws or regulations.

65.     The Plaintiff says that the Defendant, Thomas Robbins, as Colonel of the Massachusetts State Police, by each of the actions described above, has displayed discriminatory and retaliatory animus toward the Plaintiff in violation of Massachusetts General Laws Chapter 151B.

66.     The Defendant, Thomas Robbins, as Colonel of the Massachusetts State Police, has discriminated against the Plaintiff for opposing practices that are unlawful employment practices under Massachusetts General Laws Chapter 151B, in violation of Massachusetts General Laws Chapter 151B, § 4(4).

67.     The Defendant, Thomas Robbins, as Colonel of the Massachusetts State Police, has coerced, intimidated, threatened, and/or interfered with the Plaintiff in her exercise or enjoyment of rights granted or protected by Massachusetts General Laws Chapter 151B, in violation of Massachusetts General Laws Chapter 151B, § 4(4A).

68.     The Defendant, Thomas Robbins, as Colonel of the Massachusetts State Police, has aided, abetted, incited, compelled, coerced and/or has attempted to aid, abet, incite, compel, or coerce the performance of acts forbidden under Massachusetts General Laws Chapter 151B, § 4(5).

69.    The Defendant, Thomas Robbins' acts of retaliation against the Plaintiff described herein, were willful and deliberate.

70.    The Defendant, Thomas Robbins' acts of retaliation against the Plaintiff constituted a continuing violation of Massachusetts General Laws Chapter 151B.

71.    As a result of the retaliatory actions of the Defendant, Thomas Robbins, as Colonel of the Massachusetts State Police, described herein, the Plaintiff has been:

   a.  subjected to undue scrutiny, unfair criticism, and an improper investigation;

   b.  falsely accused of improperly obtaining her helicopter pilot's licensure;

   c.  caused to suffer an undesirable job transfer, a prospective suspension, and other adverse employment actions;

   d.  caused to suffer lost wages;

   e.  caused to suffer a loss of opportunities to advance her career;

   f.  subjected to undue hostility from supervisors and colleagues;

   g.  subjected to unfair and unwarranted disciplinary action, including having undeserved charges filed against her;

   h.  subjected to a hostile and offensive work environment;

   i.  caused to experience emotional distress, humiliation, and mental anguish;

   j.  subjected to false accusations, damaging her reputation;

k.  denied the opportunity to practice her chosen profession; and

l.  caused to lose substantial experience in her chosen profession, damaging her future job prospects.

WHEREFORE, the Plaintiff makes the following claims for relief against the Defendant, Thomas Robbins, as Colonel of the Massachusetts State Police: (1) that the Defendant pay the Plaintiff compensatory damages, including but not limited to, back pay, front pay, damages for emotional pain and suffering and mental anguish, damages for humiliation and emotional distress, and all other such damages as may be permitted; (2) that the Defendant pay to the Plaintiff exemplary damages; (3) that the Defendant pay to the Plaintiff interest from the time of the injuries until the time of the filing of the claims in this matter; (4) that the Defendant pay to the Plaintiff interest from the time of the filing of this claim until the date of judgment; (5) that the Defendant pay to the Plaintiff her reasonable attorneys' fees; (6) that the Defendant reinstate the Plaintiff to her chosen position as a pilot in the Massachusetts State Police Air Wing; and (7) that the Court order such other relief as may be just and appropriate.

### COUNT V – DEFAMATION BY THE DEFENDANT, THOMAS ROBBINS, AS COLONEL OF THE MASSACHUSETTS STATE POLICE

72.  The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 71 of the Complaint.

73.  The Defendant, Thomas Robbins, as Colonel of the Massachusetts State Police, and the Defendant's employees and agents published false and defamatory statements of fact of and concerning the Plaintiff to one or more third parties.

74.   The Defendant, Thomas Robbins, as Colonel of the Massachusetts State
Police, knew or should have known that the statements that the Defendant
and the Defendant's agents and employees made about the Plaintiff were
false.

75.   The Defendant, Thomas Robbins, as Colonel of the Massachusetts State
Police, and the Defendant's employees and agents, without privilege and
without any legitimate business purpose, negligently published defamatory
statements about the Plaintiff.

76.   The Defendant, Thomas Robbins, as Colonel of the Massachusetts State
Police, and the Defendant's employees and agents maliciously published
their false and defamatory statements about the Plaintiff.

77.   The statements at issue were materially false statements of fact.

78.   The Plaintiff suffered damages as a result of the Defendant, Thomas
Robbins, and the Defendant's employees and agents' defamatory
publication.

WHEREFORE, the Plaintiff demands judgment against the Defendant,
Thomas Robbins, as Colonel of the Massachusetts State Police, for substantial
and full damages, plus interest and costs.

**JURY CLAIM**

**The Plaintiff claims the right to a jury trial in this matter as to all
matters so triable pursuant to the laws and Constitution of the United
States of America.**

JODY REILLY,
By her Attorney,

Scott W. Lang, Esquire  BBO #285720
Lang, Xifaras & Bullard
115 Orchard Street
New Bedford, MA  02740
(508) 992-1270

Dated: August __30__, 2005

# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
Clerk's Office
USDC, Mass.
Date 4/11/05
By
Deputy Clerk

Civil Action No.

JODY REILLY
Plaintiff

v.

# 05 - 11806 RWZ
**AMENDED**
**COMPLAINT**

THOMAS ROBBINS, as Colonel of
the Massachusetts State Police
Defendant

## THE ACTION

1.    The Plaintiff, Jody Reilly, an employee of the Massachusetts State Police

and the first female helicopter pilot employed by the Massachusetts State

Police, brings this action seeking compensatory and punitive damages

against the Defendant, Thomas Robbins, as Colonel of the Massachusetts

State Police, for (a) discriminating against the Plaintiff based on her

gender (female), (b) sexually harassing the Plaintiff, and (c) discriminating

against the Plaintiff (i) for opposing practices that are unlawful

employment practices under Chapter 21 of Title 42 of the United States

Code and (ii) because the Plaintiff made a charge, testified, assisted or

participated in any manner in an investigation, proceeding or hearing

under Title 42, Chapter 21, Subchapter VI of the United States Code, in

violation of 42 U.S.C., §§ 2000e-2 and 2000e-3 and Massachusetts

General Laws Chapter 151B, §§ 4(1), 4(16A), 4(4), 4(4A), and 4(5).

The Defendant and the Defendant's agents and employees have singled out the Plaintiff and have subjected her to disparate treatment on the basis of her gender, by unfairly questioning her qualifications, subjecting her licensure to undue scrutiny, and taking other adverse actions against her. The Defendant and the Defendant's agents and employees have also subjected the Plaintiff to a sexually hostile and offensive workplace and the Defendant's agent and employee, Lieutenant Michael Barry, has subjected the Plaintiff to unwelcome sexual advances, and other offensive conduct of a sexual nature, affecting the Plaintiff's employment.

In addition, the Defendant and the Defendant's agents and employees have retaliated against the Plaintiff by (a) turning their investigation of the Plaintiff's internal sexual harassment complaint into an unwarranted investigation of the Plaintiff's personal life and flight log books, after the Defendant and the Defendant's agents and employees had the Plaintiff's log books in their possession for over year and had documentation supporting the Plaintiff's flight log book entries from the time those entries were made, (b) involuntarily transferring the Plaintiff from her chosen position within the Massachusetts State Police Air Wing, and (c) taking action to suspend the Plaintiff for eighteen months and to bar the Plaintiff from being assigned to the Air Wing ever again. The Plaintiff seeks an order (a) requiring the Defendant to reinstate her to her previous position as a helicopter pilot in the Massachusetts State Police

Air Wing and to cease all unlawful discrimination against her, and (b) for compensatory and punitive damages.

## JURISDICTION AND VENUE

2.   Jurisdiction over the subject matter of this action is conferred upon this Court by 42 U.S.C., §§ 2000e-5 and by 28 U.S.C., § 1331.

3.   Venue in the United States District Court, District of Massachusetts is proper pursuant to 42 U.S.C., § 2000e-5(f)(3) and 28 U.S.C., § 1391, in that the Plaintiff is employed by the Massachusetts State Police in Massachusetts; all of the unlawful employment practices took place, and a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred, within the counties of Plymouth, Middlesex, and Hampden in the judicial district of Massachusetts; the employment records relevant to the unlawful employment practices are maintained and administered in Middlesex County in the judicial district of Massachusetts; the Massachusetts State Police's principal office is located in Framingham, Middlesex County, Massachusetts; and the Defendant resides in the Commonwealth of Massachusetts.

## PROCEDURAL REQUIREMENTS

4.   On January 12, 2004, the Plaintiff filed a timely charge of discrimination with the Massachusetts Commission Against Discrimination and the United States Equal Employment Opportunity Commission, properly alleging that the Defendant and the Defendant's agents and employees discriminated against the Plaintiff (a) based on her gender (female); (b) by

4

sexually harassing the Plaintiff; (c) for opposing practices that are unlawful employment practices under Chapter 21 of Title 42 of the United States Code; and (d) because the Plaintiff made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under Title 42, Chapter 21, Subchapter VI of the United States Code, in violation of 42 U.S.C., §§ 2000e-2 and 2000e-3 and Massachusetts General Laws Chapter 151B, §§ 4(1), 4(16A), 4(4), 4(4A), and 4(5).

5.     On July 7, 2005, the Equal Employment Opportunity Commission mailed to the Plaintiff a notice of right to sue formally notifying her of her right to file a civil action.  A copy of the notice of right to sue is attached as Exhibit 1 hereto.

6.     The Plaintiff filed her Complaint in this civil action within ninety (90) days of the date she received notification of her right to sue.

7.     All conditions precedent to the institution of this lawsuit, pursuant to 42 U.S.C. Section 2000e-5(f)(1), have been fulfilled.

**PARTIES**

8.     The Plaintiff, Jody Reilly, resides at 9 Vickerson Ave., Sagamore Beach, Barnstable County, Massachusetts and is employed by the Massachusetts State Police, a department of the Commonwealth of Massachusetts with a principal place of business at 470 Worcester Road, Framingham, Middlesex County, Massachusetts.

9.     The Defendant, Thomas Robbins, is the Colonel of, and the highest-ranking officer for, the Department of the Massachusetts State Police, a

department of the Commonwealth of Massachusetts with a principal place
of business at 470 Worcester Road, Framingham, Middlesex County,
Massachusetts, where the Defendant, Thomas Robbins, is employed and
works.

## FACTS

10. The Plaintiff, Jody Reilly, has been an employee of the Massachusetts
    Department of State Police since June 7, 1993.

11. The Plaintiff, Jody Reilly, at all times relevant hereto, performed her work
    responsibilities at the Massachusetts State Police competently.

12. Despite the Plaintiff, Jody Reilly's competent work performance, she was
    singled out as a woman and retaliated against for complaining about her
    discriminatory, hostile and offensive work environment with an
    investigation that was focused on (a) the Plaintiff's relationship with a
    superior officer that in no way violated any State Police policy and (b)
    scrutiny of the Plaintiff's flight log books, after (i) having those books for
    over a year; (ii) having already accepted the flight time in those books; and
    (iii) having its own records supporting the Plaintiff's documented flight time
    from the time the flights were taken. The investigation was conducted by
    the Massachusetts State Police's Harassment Investigation Unit and
    several high-level Massachusetts State Police officials, as a discriminatory
    and retaliatory response to sexual harassment complaints that the Plaintiff
    filed against her direct supervisor, Lieutenant Michael Barry, and a male
    colleague, Trooper Timothy Riley.

13.     The Massachusetts State Police failed to properly investigate the Plaintiff's
        sexual harassment complaints and instead focused a harassing,
        retaliatory investigation on the Plaintiff's personal life, as well as her flight
        training, which had already been approved by the Federal Aviation
        Administration and accepted by the Massachusetts State Police.

**Plaintiff's Employment History in the Air Wing**

14.     In March, 2000, the Massachusetts State Police assigned the Plaintiff to
        work in its Air Wing.

15.     The Plaintiff was assigned to the Air Wing as a Tactical Flight Officer.

16.     Approximately five to six months after her assignment to the Air Wing, the
        Plaintiff was promoted to the position of Lead Tactical Flight Officer, based
        upon her competent work performance as a Tactical Flight Officer.

17.     In 2001, based upon the Plaintiff's competent work performance in the
        positions of Tactical Flight Officer and Lead Tactical Flight Officer, the
        Massachusetts State Police selected the Plaintiff for helicopter pilot
        training.

**Plaintiff's Helicopter Pilot Licensure**

18.     In September, 2001, the Plaintiff earned and received her commercial
        helicopter pilot license from the Federal Aviation Administration ("FAA").

19.     The Plaintiff earned her helicopter pilot license through training sponsored
        by the Massachusetts State Police. The Massachusetts State Police
        monitored and provided the Plaintiff's helicopter pilot training, both directly
        and through outside vendors.

20.     The Plaintiff's licensure was based, in part, on her receipt of a score of 98
        (out of 100) on her commercial helicopter pilot license examination, which
        far exceeded the minimum passing score of 70.

21.     With her license, the Plaintiff became the first female helicopter pilot
        employed by the Massachusetts State Police.

22.     On January 16, 2002, the Plaintiff earned and received an instrument
        rating from the Federal Aviation Administration.

23.     The Plaintiff's instrument rating was based, in part, on her receipt of a
        score of 98 (out of 100) on her instrument rating examination, which far
        exceeded the minimum passing score of 70.

24.     On August 19, 2002, the Plaintiff was released by the Massachusetts
        State Police as a "probationary aircraft commander."

**Disparate Treatment of the Plaintiff as a Woman**

25.     During her employment in the Air Wing and thereafter, the Plaintiff has
        repeatedly been singled out as a female and subjected to disparate
        treatment on the basis of her gender.  This unfavorable treatment
        includes, but is not limited to the following:

        a. the Defendant and the Defendant's agents and employees' actions
           from September, 2001 to present in conducting a harassing
           investigation of the Plaintiff's commercial helicopter pilot licensure,
           which has included questioning her instructors outside of the
           Massachusetts State Police, inquiring about her examination
           scores, making unprecedented requests for her logbooks,

8

repeatedly contacting the FAA to question her licensure, when the

Massachusetts State had its own records backing up the Plaintiff's

recorded flight times, permanently transferring the Plaintiff out of

the Massachusetts State Police Air Wing, and announcing the

Plaintiff's prospective eighteen month suspension from her

employment with the Massachusetts State Police;

b.  the Defendant and the Defendant's agents and employees' actions

in questioning the legitimacy of the Plaintiff's success in pilot

training and unjustly attributing the Plaintiff's achievements to

preferential treatment arising from a relationship with a male

superior officer;

c.  the Defendant and the Defendant's agents and employees' actions

in conducting an investigation of the Plaintiff's personal life and her

relationship with a male superior officer, when the Massachusetts

State Police had no policy on fraternization, nor any policy

restricting employees from having personal relationships with their

superior officers;

d.  Massachusetts State Police Air Wing officers' statements in March,

2002, indicating that they felt it was unsafe for the Plaintiff to have

participated in a fire training that she attended with her male

colleagues that month, when it was entirely appropriate for the

Plaintiff to have participated in the training;

e.  the Plaintiff's superior officer, Captain Baima's actions in
    approximately March, 2002, in falsely attributing three officers'
    requests to leave the Air Wing to the Plaintiff's receipt of pilot
    training in general and fire training specifically;

f.  the Defendant and the Defendant's agents and employees' unfair
    refusal to grant the Plaintiff's request to advance to the status of
    Restricted Pilot in Charge in May, 2002, when the Plaintiff was fully
    qualified to advance to this position;

g.  Massachusetts State Police Chief Legal Counsel Eleanor Sinnott's
    actions in the Summer of 2002, in contacting the Federal Aviation
    Administration, without cause, and demanding that they revoke the
    Plaintiff's commercial helicopter pilot license;

h.  Lieutenant Michael Barry's unfair denial of the Plaintiff's July 2,
    2002 request for training necessary to receive her certified flight
    instructor rating, on September 17, 2002;

i.  the Defendant and its agents and employees' unfair refusal to grant
    the Plaintiff's reasonable January 12, 2003 request for night hours
    to accumulate night-time flying experience until April 18, 2003 and
    their imposition of onerous restrictions on the Plaintiff's night-time
    flying when her request was finally granted;

j.  Massachusetts State Police Chief Legal Counsel Eleanor Sinnott's
    actions in July of 2003, in responding to a letter from the Federal
    Aviation Administration stating that the Plaintiff's commercial

helicopter pilot's license is valid, by informing the Federal Aviation Administration that its letter was "unacceptable" and requesting another letter. The Federal Aviation Administration again responded to Attorney Sinnott, by informing her that the Plaintiff's license is valid and on August 12, 2003, Attorney Sinnott, in a meeting with the Plaintiff, the Plaintiff's attorney, Lieutenant Christine Bernard McNamara of the Massachusetts State Police's Harassment Division, and Massachusetts State Police Lieutenant Colonel Bradley Hibbard, denied contacting the Federal Aviation Administration regarding revoking the Plaintiff's license and falsely stated that the Federal Aviation Administration had written to her indicating that the Plaintiff's license had been issued in error. The Defendant and the Defendant's agents and employees took such actions against the Plaintiff's license after having her logbooks in their possession for over a year;

k.  Lieutenant Michael Barry's actions at a meeting of the Air Wing on August 13, 2003, in announcing to the Plaintiff and her fellow officers that he had been trying to "settle the issue" of the Plaintiff's license for over a year and that the Federal Aviation Administration had resolved the matter by stating that they had made "mistakes" in connection with her license and would never issue a license in the same manner, but her license is "okay." Lieutenant Barry

misrepresented the statements of the Federal Aviation
Administration at this meeting;

l.   Sergeant Barry Domingos' unfair criticisms of the Plaintiff as part of
an August, 2003 performance evaluation; and

m.  the Defendant and the Defendant's agents and employees' actions
in singling out Trooper Kurt Burchfiel and chastising him for flying
with the Plaintiff and befriending her.

**False and Unflattering Rumors Regarding the Plaintiff**

26.  During her employment in the Air Wing and thereafter, the Plaintiff has
repeatedly been singled out as a female and made the subject of a series
of false and unflattering rumors, including but not limited to:

a.   Rumors spread by Lieutenant Michael Barry, along with a
Massachusetts State Police Trooper, Tim Riley, in the Summer of
2001, falsely and improperly alleging that (i) the Plaintiff had failed
a flight training course that she had taken in New Jersey in July,
2001; and (ii) the Plaintiff was selected for flight training due to
preferential treatment from the commander of the Air Wing,
Lieutenant Michael Melia;

b.   Rumors spread by Lieutenant Barry, along with Trooper Tim Riley,
in the Summer of 2001, alleging that, upon Lieutenant Michael
Melia's retirement and Lieutenant Michael Barry's expected
promotion to commander of the Air Wing, the Plaintiff would be
removed from the pilot training program; and

     c.  Rumors initiated by Lieutenant Michael Barry and promulgated by
the Defendant and the Defendant's agents and employees falsely
indicating that (i) improper favors were given to the FAA in order for
the Plaintiff to receive her commercial helicopter pilot's license; (ii)
the Plaintiff had altered ("cooked") her flight logbooks in relation to
her flight time; and (iii) requirements had been waived for the
Plaintiff to receive her license.

27.     As a result of the aforementioned rumors, the Plaintiff's colleagues
repeatedly questioned her abilities and commented to her and others
about concerns they had about her qualifications.

**Sexual Harassment**

28.     During her employment in the Air Wing, the Plaintiff was repeatedly
subjected to unwanted sexual advances from her superior officer,
Lieutenant Michael Barry. This unwelcome sexual conduct included, but
was not limited to:

     a.  Repeated invitations from Lieutenant Barry to meet with Lieutenant
Barry socially, often at a nightclub or bar, despite the Plaintiff's
consistent refusal of such requests;

     b.  An incident in early Fall, 2001, in which Lieutenant Barry spoke with
the Plaintiff in the office, alone, and told her that he "loved [her] like
a sister" and that he was disturbed by rumors that he had heard
about her, after which Lieutenant Barry drove the Plaintiff off the Air
Base to purchase coffee and then parked his car away from normal

motor vehicle and pedestrian traffic to tell the Plaintiff that he was "all fucked up" because the Plaintiff was no longer assigned to fly with him, as his Tactical Flight Officer, causing the Plaintiff to feel extremely uncomfortable; and

c. Lieutenant Barry fostered untrue rumors that he was engaged in an intimate relationship with the Plaintiff.

29. The Defendant and the Defendant's agents and employees have singled out the Plaintiff, (a) turned an investigation of a sexual harassment complaint filed by the Plaintiff into an investigation of her personal life and her credentials, (b) subjected the Plaintiff's flight log books to undue scrutiny after (i) having those books in its possession for over a year and (ii) having documentation in the Massachusetts State Police's records supporting the entries in the Plaintiff's log books for an even longer period of time, and (c) attempted to have the Plaintiff's license revoked, without cause, both because she is a woman and because she has complained about gender bias and her sexually hostile work environment in the Massachusetts Department of State Police Air Wing.

30. On February 22, 2003, Lieutenant Michael Barry announced aircraft commander eligibility requirements that would not permit the Plaintiff to count some of the flight time she had already accumulated, because Lieutenant Barry incorrectly maintained that the Plaintiff had accumulated the time illegally.

31.   As a result of the Defendant and the Defendant's agents and employees'
      actions in unfairly scrutinizing the Plaintiff's license, questioning the
      validity of her license, and spreading rumors about her, the Plaintiff was
      treated in a hostile manner and shunned by her colleagues and superiors.

**Pool Incident**

32.   On April 29, 2003, the Plaintiff was exposed to hostile and offensive
      sexual conduct in her workplace, when, during a training exercise
      attended by the Plaintiff, a trooper, Tim Riley, made an offensive comment
      while the trainees were engaged in a training exercise in a pool, likening
      the training equipment to a male's genitals.

**Sexual Harassment Complaints**

33.   On April 30, 2003, Trooper Kurt Burchfiel made a sexual harassment
      complaint to Lt. Mike Barry regarding the April 29, 2003 training incident.

34.   On May 7, 2003, the Plaintiff sent a written sexual harassment complaint
      to Lieutenant Michael Barry and the Massachusetts State Police's
      Harassment Investigation Unit, complaining of the April 29, 2003 training
      incident.

35.   In an attempt to further ostracize the Plaintiff with her colleagues,
      Lieutenant Michael Barry informed members of the Air Wing that the
      Plaintiff had complained of the April 29, 2003 training incident.

36.   On February 10, 2004, the Massachusetts State Police wrongly issued a
      finding that Trooper Tim Riley was "exonerated," in response to the

Plaintiff's and Trooper Burchfiel's sexual harassment complaints against him.

37.   On May 25, 2003, the Plaintiff filed a sexual harassment complaint against Lieutenant Michael Barry, with the Massachusetts State Police Harassment Investigation Unit.

38.   On May 17, 2004, the Massachusetts State Police wrongly issued a finding that Lieutenant Barry was "exonerated," in response to the Plaintiff's sexual harassment complaint.

39.   On January 12, 2004, the Plaintiff filed a complaint with the Massachusetts Commission Against Discrimination and the United States Equal Employment Opportunity Commission against her employer, the Massachusetts State Police, Former Colonel Thomas Foley, Former Deputy Superintendent/Lieutenant Colonel Bradley Hibbard, Chief Legal Counsel Eleanor Sinnott, and Lieutenant Michael Barry, for discriminating against her on the basis of her gender, sexually harassing her, and retaliating against her for complaining regarding the Massachusetts State Police and its agents and employees' discriminatory and harassing conduct.

40.   In communicating her complaints to her superiors in the Massachusetts State Police, the Massachusetts State Police Harassment Investigation Unit, the Massachusetts Commission Against Discrimination, and the United States Equal Employment Opportunity Commission, the Plaintiff

opposed practices that are unlawful employment practices under Chapter
21 of Title 42 of the United States Code.

41.    When the Plaintiff pursued her gender discrimination, sexual harassment,
and unlawful retaliation complaints with her superiors in the
Massachusetts State Police, the Massachusetts State Police Harassment
Investigation Unit, the Massachusetts Commission Against Discrimination
and the United States Equal Employment Opportunity Commission, the
Plaintiff made a charge, testified, assisted and participated in an
investigation and proceeding under Title 42, Chapter 21, Subchapter VI of
the United States Code.

42.    The Defendant was aware of (a) the Plaintiff's complaints to her superiors
in the Massachusetts State Police, the Massachusetts State Police
Harassment Investigation Unit, the Massachusetts Commission Against
Discrimination and the United States Equal Employment Opportunity
Commission, (b) the Plaintiff's opposition to unlawful employment
practices under Chapter 21 of Title 42 of the United States Code, and (c)
the Plaintiff's assistance with investigations and proceedings before the
Massachusetts Commission Against Discrimination and the United States
Equal Employment Opportunity Commission, under Title 42, Chapter 21,
Subchapter VI of the United States Code.

**Retaliation**

43.    In response to the Plaintiff's sexual harassment and gender discrimination
complaints, the Defendant and the Defendant's agents and employees

have engaged in a campaign of retaliation against the Plaintiff, which has included the following adverse employment actions against her:

a. The Defendant and the Defendant's agents and employees engaged in a long-term campaign of retaliation against the Plaintiff that included turning an investigation of a sexual harassment complaint filed by the Plaintiff into an investigation of the Plaintiff's personal life and pilot training, that (i) involved, but was not limited to, (A) monitoring the Plaintiff's activities outside of work hours, (B) making an unprecedented request for the Plaintiff's flight log books, when the Massachusetts State Police had its own records documenting the accuracy of the Plaintiff's claims regarding her flight training, and (C) proceeding to scrutinize the Plaintiff's log books after having them in their possession for over a year, and (ii) that culminated in (A) attempts by the Defendant and the Defendant's agents and employees to have the Plaintiff's pilot's licensure revoked, (B) the Plaintiff's involuntary transfer out of the Air Wing, (C) a recommendation for an eighteen month suspension of the Plaintiff from her employment with the Massachusetts State Police, and (D) a recommendation for a prohibition against the Plaintiff ever returning to the Air Wing as an employee.

b. In the Summer of 2003, after the Plaintiff had filed her sexual harassment complaint with the Massachusetts State Police's Harassment Investigation Unit, Lieutenant Colonel Oscar Langford

visited the Air Wing to conduct a meeting with the Air Wing staff, in
which he responded to the Plaintiff's sexual harassment complaint
by stating that (i) the Air Wing had become an embarrassment to
him; (ii) he wanted all of the "bickering and foolishness to stop," (iii)
he did not want to hear from the staff of the Air Wing any more; and
(iv) the next time an Air Wing staff member wrote a letter, he would
"lay the hammer down" and the staff member would be transferred;

c.  After the Plaintiff had voiced her opposition to the gender
discrimination and sexual harassment to which she was subjected
in her workplace, Lieutenant Barry told her that he was looking to
have the FAA write a letter stating that she should not have been
licensed on September 16, 2001, but that she had since qualified
with her flight time after September 16, 2001;

d.  In January, 2004 and February, 2004, after the Plaintiff filed her
charge of discrimination with the Massachusetts Commission
Against Discrimination, the Massachusetts State Police refused to
respond to threats and insults that the Plaintiff had received from
Lieutenant Barry's wife, Lisa Barry, as a result of the Plaintiff's
harassment and discrimination complaints, including Ms. Barry's
statement to the Plaintiff, "You'll get yours some day;"

e.  On January 25, 2004, after the Plaintiff filed her charge of
discrimination with the Massachusetts Commission Against
Discrimination, Captain Concannon and Lieutenant Lane met with

the Plaintiff for the stated purpose of discussing her "status" in the Air Wing. During the meeting, Captain Concannon and Lieutenant Lane (i) pulled out a copy of the charge of discrimination the Plaintiff filed with the Massachusetts Commission Against Discrimination, (ii) read a passage from the Plaintiff's charge of discrimination regarding the emotional distress that the Plaintiff suffered as a result of the Defendants' discriminatory and harassing conduct, (iii) stated to the Plaintiff that a pilot's ability to fly may be adversely affected after an emotional or stressful incident, (iv) asked the Plaintiff if she had fully recovered from her emotional distress, and (v) stated that they were concerned about all of the employees of the Air Wing feeling safe, despite the Plaintiff's assurance to them that she was fit to fly and their acknowledgment that "everyone says that [the Plaintiff is] a good pilot." Captain Concannon and Lieutenant Lane concluded the meeting by stating that they would discuss the Plaintiff's situation with the Colonel;

f.   On January 28, 2004, the Plaintiff approached her superior officer, Sergeant Barry Domingos, and asked him for his thoughts regarding her meeting with Captain Concannon and Lieutenant Lane and he told her that she should "keep the small stuff in-house;"

g.   On or about February 17, 2004, Trooper Matthew Domnarski circulated the Plaintiff's Massachusetts Commission Against

Discrimination Charge of Discrimination to personnel around the Massachusetts State Police's Westover and Plymouth Air Wings.

h.  On or about February 29, 2004, Captain Michael Concannon issued a report addressed to Colonel Thomas Foley regarding an investigation that he had conducted of the Massachusetts State Police Air Wing. In his report, Captain Concannon (i) acknowledges that it is common knowledge within the Air Wing that the Plaintiff had filed complaints against Lieutenant Michael Barry and Trooper Timothy Riley alleging harassment and discrimination and addressing the Plaintiff's hostile work environment; (ii) cites the emotional distress and mental stress claims in the Plaintiff's charge of discrimination with the Massachusetts Commission Against Discrimination as a reason to question her suitability to continue flying; (iii) criticizes the Plaintiff for failure to "put the events of the past behind [her]" and "become a team player," indicating that her charge of discrimination was seen as uncooperative behavior; and (iv) states that "it was suggested that perhaps it would be best for all concerned that [the Plaintiff] not remain with the [Air Wing] during the pending department and MCAD inquiries" into her complaints of gender discrimination and sexual harassment;"

i.  On March 3, 2004, Oscar Langford, Lieutenant Colonel of Field Division Services for the Massachusetts State Police, and Captain Concannon met with the Plaintiff to inform her that Captain

21

Concannon was recommending that she be transferred from the Air

Wing and Lieutenant Colonel Langford was effectuating her transfer

from the Air Wing, as a result of "the investigations going on," which

the Plaintiff understood to be the investigation of her discrimination

and harassment complaints. Later in the meeting, Lieutenant

Colonel Langford stated to the Plaintiff, "You know, I don't mean to

preach, but I came down there and told you that the foolishness

and bickering had to stop and some people had a problem, I guess,

with what I said, but this is our Air Wing and we have to be safe and

we already had a crash in 1995." The Plaintiff was not a member of

the Air Wing at the time of the crash;

j.   On or about March 3, 2004, the Plaintiff was involuntarily

"temporarily" transferred to the Motor Vehicle Regulatory Section,

where the Plaintiff has been assigned since the date of her transfer.

As a trained helicopter pilot, the Plaintiff's transfer to the Motor

Vehicle Regulatory Section has been unwelcome to her. The only

other female officer in the Air Wing was transferred out of the Air

Wing at approximately the same time as the Plaintiff's transfer. The

Plaintiff has been denied career opportunities, the opportunity to

work in, and accumulate experience in, her chosen profession as a

helicopter pilot, and substantial opportunities for overtime

compensation that were available to her in the Air Wing, as a result

of her transfer;

k.  In a May, 2004 Massachusetts State Police newsletter, Colonel
    Thomas Foley published a "Message from the Colonel," in which he
    publicly disparaged the Plaintiff and injured her reputation as a
    competent, safe pilot, by attributing his decision to transfer the
    Plaintiff and a few of her colleagues from the Air Wing to "some
    issues that had the potential to negatively [a]ffect the efficient and
    safe operation of the Air Wing." In his "message," Colonel Foley
    defended his decision to transfer the Plaintiff and her colleagues by
    stating that he was "not going to allow the safety of [the Plaintiff's
    colleagues who remain in the Air Wing] to be compromised or allow
    anyone to relive the horrific tragedies of the past." Colonel Foley
    made these remarks, directly implying that the Plaintiff was an
    unsafe pilot, while knowing that the Plaintiff had a well-established
    safe, competent flying record and that she was never in any way
    involved in any "tragedies;"

l.  The Massachusetts State Police Harassment Investigation Unit has
    interviewed the Plaintiff twice in connection with the sexual
    harassment and gender discrimination complaints that she filed
    against Lieutenant Barry and Trooper Riley. After interviewing the
    Plaintiff on June 23, 2003, the Massachusetts State Police's
    Harassment Investigation Unit called the Plaintiff in for a second
    interview on April 12, 2004. The focus of the April 12, 2004
    interview was not an investigation of the Plaintiff's complaints of

harassment and discrimination, but rather, was a retaliatory investigation directed at the Plaintiff, the Plaintiff's relationship with her former Lieutenant, Michael Melia, and the form, not the substance, of the entries in the Plaintiff's flight log book. The Massachusetts State Police commenced its investigation of the Plaintiff's flight log book entries after it had the Plaintiff's log books in its possession for over a year, when it had documentation of the accuracy of the Plaintiff's flight log book entries in its own records from the time the entries were made;

m. On or about May 19, 2004, Major Thomas R. McGilvray, Deputy Commander of Standards for the Massachusetts State Police, sent the Plaintiff a memorandum notifying her that she is the subject of an internal investigation "in regards to the truthfulness of statements that [the Plaintiff] made during interviews regarding the complaint that [she] filed with the Harassment Investigation Unit against Lieutenant Michael Barry." Major McGilvray advised the Plaintiff in his letter of May 19, 2004 that "the investigation also concerns the truthfulness of entries made into [the Plaintiff's flight] logbook ... that reflects the flights from 1993 through 2001;" and

n. On April 27, 2005, the Massachusetts State Police announced the Plaintiff's prospective eighteen month suspension from her employment with the Massachusetts State Police and a prospective

action to bar her from ever returning to work for the Massachusetts State Police Air Wing; and

o. From the time of the Plaintiff's initial complaints to the present, the Defendant and the Defendant's agents and employees have subjected the Plaintiff to a hostile and offensive work environment.

44. When the Defendant and the Defendant's agents and employees undertook the actions described in the preceding paragraph and subparagraphs of this Complaint, the Defendant and the Defendant's agents and employees were discriminating against the Plaintiff for opposing practices that are unlawful employment practices under Chapter 21 of Title 42 of the United States Code and for making a charge and participating and assisting with an investigation and proceeding under Title 42, Chapter 21, Subchapter VI of the United States Code.

45. The above-referenced acts of retaliation of the Defendant and the Defendant's agents and employees against the Plaintiff were continuing in nature.

46. As a result of the Defendant and the Defendant's agents and employees' actions, the Plaintiff has been:

a. subjected to undue scrutiny, unfair criticism, and an improper investigation;

b. falsely accused of improperly obtaining her helicopter pilot's licensure;

c. caused to suffer an undesirable job transfer, a prospective

suspension, and other adverse employment actions;

d. caused to suffer lost wages;

e. caused to suffer a loss of opportunities to advance her career;

f. subjected to undue hostility from supervisors and colleagues;

g. subjected to unfair and unwarranted disciplinary action, including

filing undeserved charges against her;

h. subjected to a hostile and offensive work environment;

i. caused to experience emotional distress, humiliation, and mental

anguish;

j. subjected to false accusations, damaging her reputation;

k. denied the opportunity to practice her chosen profession; and

l. caused to lose substantial experience in her chosen profession,

damaging her future job prospects.

## COUNT I – DISCRIMINATION BASED ON GENDER IN VIOLATION OF 42 U.S.C. § 2000e BY THE DEFENDANT, THOMAS ROBBINS, AS COLONEL OF THE MASSACHUSETTS STATE POLICE

47.    The Plaintiff repeats and realleges the allegations contained in paragraphs

1 through 46 inclusive with like force and effect as if fully set forth herein.

48.    The Defendant, Thomas Robbins, as Colonel of the Massachusetts State

Police, intentionally discriminated against the Plaintiff on the basis of her

gender.  Said discrimination included disparate treatment and disparate

impact gender discrimination, as well as quid pro quo and hostile work

environment sexual harassment.

49.   The actions and conduct of the Defendant, Thomas Robbins, as Colonel of the Massachusetts State Police, violated Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*).

50.   As a result of the Defendant, Thomas Robbins' unlawful discrimination against the Plaintiff on the basis of her gender, the Plaintiff has been:

   a.   subjected to undue scrutiny, unfair criticism, and an improper investigation;

   b.   falsely accused of improperly obtaining her helicopter pilot's licensure;

   c.   caused to suffer an undesirable job transfer, a prospective suspension, and other adverse employment actions;

   d.   caused to suffer lost wages;

   e.   caused to suffer a loss of opportunities to advance her career;

   f.   subjected to undue hostility from supervisors and colleagues;

   g.   subjected to unfair and unwarranted disciplinary action, including having undeserved charges filed against her;

   h.   subjected to a hostile and offensive work environment;

   i.   caused to experience emotional distress, humiliation, and mental anguish;

   j.   subjected to false accusations, damaging her reputation;

   k.   denied the opportunity to practice her chosen profession; and

   l.   caused to lose substantial experience in her chosen profession, damaging her future job prospects.

WHEREFORE, the Plaintiff makes the following claims for relief against the Defendant, Thomas Robbins, as Colonel of the Massachusetts State Police: (1) that the Defendant pay the Plaintiff compensatory damages, including but not limited to, back pay, front pay, damages for emotional pain and suffering and mental anguish, damages for humiliation and emotional distress, and all other such damages as may be permitted; (2) that the Defendant pay to the Plaintiff exemplary damages; (3) that the Defendant pay to the Plaintiff interest from the time of the injuries until the time of the filing of the claims in this matter; (4) that the Defendant pay to the Plaintiff interest from the time of the filing of this claim until the date of judgment; (5) that the Defendant pay to the Plaintiff her reasonable attorneys' fees; (6) that the Defendant reinstate the Plaintiff to her chosen position as a pilot in the Massachusetts State Police Air Wing; and (7) that the Court order such other relief as may be just and appropriate.

**COUNT II – DISCRIMINATION BASED ON GENDER IN VIOLATION OF MASSACHUSETTS GENERAL LAWS CHAPTER 151B BY THE DEFENDANT, THOMAS ROBBINS, AS COLONEL OF THE MASSACHUSETTS STATE POLICE**

51.     The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 50 inclusive with like force and effect as if fully set forth herein.

52.     The Defendant, Thomas Robbins, as Colonel of the Massachusetts State Police, intentionally discriminated against the Plaintiff on the basis of her gender. Said discrimination included disparate treatment and disparate impact gender discrimination, as well as quid pro quo and hostile work environment sexual harassment and retaliation.

53. The actions and conduct of the Defendant, Thomas Robbins, as Colonel of the Massachusetts State Police, violated Massachusetts General Laws Chapter 151B.

54. As a result of the Defendant, Thomas Robbins' unlawful discrimination against the Plaintiff on the basis of her gender, the Plaintiff has been:

    a.  subjected to undue scrutiny, unfair criticism, and an improper investigation;

    b.  falsely accused of improperly obtaining her helicopter pilot's licensure;

    c.  caused to suffer an undesirable job transfer, a prospective suspension, and other adverse employment actions;

    d.  caused to suffer lost wages;

    e.  caused to suffer a loss of opportunities to advance her career;

    f.  subjected to undue hostility from supervisors and colleagues;

    g.  subjected to unfair and unwarranted disciplinary action, including having undeserved charges filed against her;

    h.  subjected to a hostile and offensive work environment;

    i.  caused to experience emotional distress, humiliation, and mental anguish;

    j.  subjected to false accusations, damaging her reputation;

    k.  denied the opportunity to practice her chosen profession; and

    l.  caused to lose substantial experience in her chosen profession, damaging her future job prospects.

WHEREFORE, the Plaintiff makes the following claims for relief against the Defendant, Thomas Robbins, as Colonel of the Massachusetts State Police: (1) that the Defendant pay the Plaintiff compensatory damages, including but not limited to, back pay, front pay, damages for emotional pain and suffering and mental anguish, damages for humiliation and emotional distress, and all other such damages as may be permitted; (2) that the Defendant pay to the Plaintiff exemplary damages; (3) that the Defendant pay to the Plaintiff interest from the time of the injuries until the time of the filing of the claims in this matter; (4) that the Defendant pay to the Plaintiff interest from the time of the filing of this claim until the date of judgment; (5) that the Defendant pay to the Plaintiff her reasonable attorneys' fees; (6) that the Defendant reinstate the Plaintiff to her chosen position as a pilot in the Massachusetts State Police Air Wing; and (7) that the Court order such other relief as may be just and appropriate.

## COUNT III – RETALIATION IN VIOLATION OF 42 U.S.C., § 2000e-3 BY THE DEFENDANT, THOMAS ROBBINS, AS COLONEL OF THE MASSACHUSETTS STATE POLICE

55.    The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 54 inclusive with like force and effect as if fully set forth herein.

56.    The Plaintiff states that her complaints to her superiors in the Massachusetts State Police, the Massachusetts State Police Harassment Investigation Unit, the Massachusetts Commission Against Discrimination and the United States Equal Employment Opportunity Commission were protected activity and constituted opposition to unlawful employment practices, within the meaning of the Civil Rights Act of 1964, §§ 701-717,

as codified in 42 U.S.C. §§ 2000e-2000e-17, and as amended in 1972, 1978, and by the Civil Rights Act of 1991, Pub. L. No. 102-166, and/or other applicable law.

57.  The Plaintiff says that the Defendant, Thomas Robbins, as Colonel of the Massachusetts State Police, by each of the actions described above, has displayed discriminatory and retaliatory animus toward the Plaintiff in violation of the Civil Rights Act of 1964, §§ 701-717, as codified in 42 U.S.C. §§ 2000e-2000e-17, and as amended in 1972, 1978, and by the Civil Rights Act of 1991, Pub. L. No. 102-166, and/or other applicable law.

58.  The Defendant, Thomas Robbins, as Colonel of the Massachusetts State Police, has discriminated against the Plaintiff for opposing practices that are unlawful employment practices under Chapter 21 of Title 42 of the United States Code, in violation of 42 U.S.C., § 2000e-3.

59.  The Defendant, Thomas Robbins, as Colonel of the Massachusetts State Police, has discriminated against the Plaintiff because she made a charge, testified, assisted and/or participated in any manner in an investigation, proceeding or hearing under Title 42, Chapter 21, Subchapter VI of the United States Code, in violation of 42 U.S.C., § 2000e-3.

60.  The Defendant, Thomas Robbins' acts of retaliation against the Plaintiff described herein, were willful and deliberate.

61.  The Defendant, Thomas Robbins' acts of retaliation against the Plaintiff constituted a continuing violation of 42 U.S.C., § 2000e-3.

62.   As a result of the retaliatory actions of the Defendant, Thomas Robbins,

as Colonel of the Massachusetts State Police, described herein, the

Plaintiff has been:

a.  subjected to undue scrutiny, unfair criticism, and an improper

investigation;

b.  falsely accused of improperly obtaining her helicopter pilot's

licensure;

c.  caused to suffer an undesirable job transfer, a prospective

suspension, and other adverse employment actions;

d.  caused to suffer lost wages;

e.  caused to suffer a loss of opportunities to advance her career;

f.   subjected to undue hostility from supervisors and colleagues;

g.  subjected to unfair and unwarranted disciplinary action, including

having undeserved charges filed against her;

h.  subjected to a hostile and offensive work environment;

i.   caused to experience emotional distress, humiliation, and mental

anguish;

j.   subjected to false accusations, damaging her reputation;

k.  denied the opportunity to practice her chosen profession; and

l.   caused to lose substantial experience in her chosen profession,

damaging her future job prospects.

WHEREFORE, the Plaintiff makes the following claims for relief against

the Defendant, Thomas Robbins, as Colonel of the Massachusetts State Police:

(1) that the Defendant pay the Plaintiff compensatory damages, including but not limited to, back pay, front pay, damages for emotional pain and suffering and mental anguish, damages for humiliation and emotional distress, and all other such damages as may be permitted; (2) that the Defendant pay to the Plaintiff exemplary damages; (3) that the Defendant pay to the Plaintiff interest from the time of the injuries until the time of the filing of the claims in this matter; (4) that the Defendant pay to the Plaintiff interest from the time of the filing of this claim until the date of judgment; (5) that the Defendant pay to the Plaintiff her reasonable attorneys' fees; (6) that the Defendant reinstate the Plaintiff to her chosen position as a pilot in the Massachusetts State Police Air Wing; and (7) that the Court order such other relief as may be just and appropriate.

### COUNT IV – RETALIATION IN VIOLATION OF MASSACHUSETTS GENERAL LAWS CHAPTER 151B, § 4 (4), (4A), (5) BY THE DEFENDANT, THOMAS ROBBINS, AS COLONEL OF THE MASSACHUSETTS STATE POLICE

63. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 62 inclusive with like force and effect as if fully set forth herein.

64. The Plaintiff states that her complaints to her superiors in the Massachusetts State Police, the Massachusetts State Police Harassment Investigation Unit, the Massachusetts Commission Against Discrimination and the United States Equal Employment Opportunity Commission and her actions in connection with said complaints (a) were protected activities pursuant to rights protected under Massachusetts General Laws Chapter 151B and (b) constituted both (i) opposition to acts forbidden under Massachusetts General Laws Chapter 151B and (ii) filing complaints,

testifying and assisting in proceedings under Massachusetts General Laws Chapter 151B, § 5, within the meaning of the Massachusetts General Laws Chapter 151B, § 4(4), (4A), and (5), and/or other applicable laws or regulations.

65.   The Plaintiff says that the Defendant, Thomas Robbins, as Colonel of the Massachusetts State Police, by each of the actions described above, has displayed discriminatory and retaliatory animus toward the Plaintiff in violation of Massachusetts General Laws Chapter 151B.

66.   The Defendant, Thomas Robbins, as Colonel of the Massachusetts State Police, has discriminated against the Plaintiff for opposing practices that are unlawful employment practices under Massachusetts General Laws Chapter 151B, in violation of Massachusetts General Laws Chapter 151B, § 4(4).

67.   The Defendant, Thomas Robbins, as Colonel of the Massachusetts State Police, has coerced, intimidated, threatened, and/or interfered with the Plaintiff in her exercise or enjoyment of rights granted or protected by Massachusetts General Laws Chapter 151B, in violation of Massachusetts General Laws Chapter 151B, § 4(4A).

68.   The Defendant, Thomas Robbins, as Colonel of the Massachusetts State Police, has aided, abetted, incited, compelled, coerced and/or has attempted to aid, abet, incite, compel, or coerce the performance of acts forbidden under Massachusetts General Laws Chapter 151B, § 4(5).

69.  The Defendant, Thomas Robbins' acts of retaliation against the Plaintiff
     described herein, were willful and deliberate.

70.  The Defendant, Thomas Robbins' acts of retaliation against the Plaintiff
     constituted a continuing violation of Massachusetts General Laws Chapter
     151B.

71.  As a result of the retaliatory actions of the Defendant, Thomas Robbins,
     as Colonel of the Massachusetts State Police, described herein, the
     Plaintiff has been:

     a.  subjected to undue scrutiny, unfair criticism, and an improper
         investigation;

     b.  falsely accused of improperly obtaining her helicopter pilot's
         licensure;

     c.  caused to suffer an undesirable job transfer, a prospective
         suspension, and other adverse employment actions;

     d.  caused to suffer lost wages;

     e.  caused to suffer a loss of opportunities to advance her career;

     f.  subjected to undue hostility from supervisors and colleagues;

     g.  subjected to unfair and unwarranted disciplinary action, including
         having undeserved charges filed against her;

     h.  subjected to a hostile and offensive work environment;

     i.  caused to experience emotional distress, humiliation, and mental
         anguish;

     j.  subjected to false accusations, damaging her reputation;

> k. denied the opportunity to practice her chosen profession; and
>
> l. caused to lose substantial experience in her chosen profession, damaging her future job prospects.

WHEREFORE, the Plaintiff makes the following claims for relief against the Defendant, Thomas Robbins, as Colonel of the Massachusetts State Police: (1) that the Defendant pay the Plaintiff compensatory damages, including but not limited to, back pay, front pay, damages for emotional pain and suffering and mental anguish, damages for humiliation and emotional distress, and all other such damages as may be permitted; (2) that the Defendant pay to the Plaintiff exemplary damages; (3) that the Defendant pay to the Plaintiff interest from the time of the injuries until the time of the filing of the claims in this matter; (4) that the Defendant pay to the Plaintiff interest from the time of the filing of this claim until the date of judgment; (5) that the Defendant pay to the Plaintiff her reasonable attorneys' fees; (6) that the Defendant reinstate the Plaintiff to her chosen position as a pilot in the Massachusetts State Police Air Wing; and (7) that the Court order such other relief as may be just and appropriate.

## JURY CLAIM

**The Plaintiff claims the right to a jury trial in this matter as to all matters so triable pursuant to the laws and Constitution of the United States of America.**

36

JODY REILLY,
By her Attorney,

Scott W. Lang, Esquire  BBO#285720
Lang, Xifaras & Bullard
115 Orchard Street
New Bedford, MA 02740
(508) 992-1270

Dated: August __31__, 2005

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. **Title of case (name of first party on each side only)** JODY REILLY v. THOMAS ROBBINS, as Colonel of the Massachusetts State Police

2. **Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).**

   ☐ I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. **Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.**

   N/A

4. **Has a prior action between the same parties and based on the same claim ever been filed in this court?**
   YES ☐    NO ☒

5. **Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)**
   YES ☐    NO ☒
   **If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?**
   N/A   YES ☐    NO ☐

6. **Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?**
   YES ☐    NO ☒

7. **Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).**
   YES ☒    NO ☐

   A. **If yes, in which division do all of the non-governmental parties reside?**
      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. **If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?**
      N/A
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. **If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)**
   N/A   YES ☐    NO ☐

**(PLEASE TYPE OR PRINT)**
**ATTORNEY'S NAME** Scott W. Lang, Esquire
**ADDRESS** 115 Orchard Street, New Bedford, MA 02740
**TELEPHONE NO.** (508) 992-1270

(CategoryForm.wpd - 5/2/05)

JS 44 (Rev. 11/04)  **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JODY REILLY | THOMAS ROBBINS, as Colonel of the Massachusetts State Police |
| **(b)** County of Residence of First Listed Plaintiff    Barnstable | County of Residence of First Listed Defendant    Middlesex |
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number)  Scott W. Lang, Esq.; Lang, Xifaras & Bullard, 115 Orchard St., New Bedford, MA  02740  (508)992-1270 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)   N/A

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C., sec. 2000e,42 U.S.C., sec. 2000e-3, 42 U.S.C., sec. 2000e-2

Brief description of cause:
Employment discrimination (gender and sexual harassment) and retaliation

| **VII. REQUESTED IN COMPLAINT:** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** 400,000 | CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes  ☐ No |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  August 29, 2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____