UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11806-RWZ

JODY REILLY

v.

THOMAS ROBBINS

MEMORANDUM OF DECISION

July 10, 2006

ZOBEL, D.J.

    Plaintiff Jody Reilly, a Massachusetts state trooper, has filed a five-count complaint alleging gender discrimination by the Massachusetts State Police ("MSP") in violation of both federal and state law. Defendant Thomas Robbins, Colonel of the MSP, now moves to dismiss Count IV, in which plaintiff alleges retaliation in violation of M.G.L. c. 151B, § 4. Defendant contends that a separate action brought by plaintiff in Massachusetts Superior Court, in which she asserted a violation of the Massachusetts Whistleblower Statute, M.G.L. c. 149 § 185, precludes Count IV. Defendant's claim is based upon the provision of the Whistleblower Statute which states that "the institution of a private action [under this statute] shall be deemed a waiver by the plaintiff of the rights and remedies available to him, for the actions of the employer, under any other...state law...." M.G.L. c. 149 § 185(f).

    Although little law on the waiver provision exists, a few state and federal courts have examined it and have concluded that it applies, "at most, to related claims seeking

damages essentially for the same conduct." Bennett v. City of Holyoke, 230 F. Supp. 2d 207, 220 (D. Mass. 2002), aff'd 372 F.3d 1 (1st Cir. 2004); accord Haddad v. Scanlon, No. 99-180, 1999 Mass. Super. LEXIS 272, at *9 (Mass. Super. 1999) (waiver provision prohibits "duplicative or cumulative recovery based on the retaliatory action [alleged in the whistleblower suit]," but "does not mean waiver of all rights and remedies which arise out of the employment relationship"). In plaintiff's state court case, she alleges retaliation based upon her transfer out of her Air Wing unit. (Def.'s Ex. 1 ¶ 27). In this case, however, plaintiff alleges multiple acts—unrelated to her transfer—as the basis for her state law retaliation claim. Indeed, many of the retaliatory acts alleged in Count IV occurred after the whistleblower suit was filed. To the extent that Count IV is based upon retaliatory acts other than plaintiff's transfer, the waiver provision does not apply.

To the extent that plaintiff's retaliation claim is based upon her transfer, however, it is barred by M.G.L. c. 149 § 185(f), since it indisputably concerns the "same conduct." Plaintiff argues that the waiver provision does not apply in instances where the whistleblower claim is barred, for procedural or other reasons. In support of this contention, she cites Bennett, in which the court held that the waiver provision would apply "solely to those claims that may actually be pursued substantively via the Whistleblower Statute." 230 F. Supp. 2d at 221. The court then went on to find that (1) one of the claims under the whistleblower statute was procedurally barred because the plaintiff had not given proper notice, (2) therefore, the plaintiff could not "substantively" pursue his whistleblower claim, and (3) therefore, the waiver provision did not apply

2

and the plaintiff's c. 151B claim was thus not barred. Id. at 222. With respect, I disagree with this interpretation of the waiver provision. It essentially requires a court to wait until a whistleblower claim has been fully adjudicated before determining whether or not the waiver provision applies. Such an approach is inconsistent with the language of the statute, which states that "the institution of a private [whistleblower] action" triggers the waiver. M.G.L. c. 149 § 185(f).

An additional matter concerns whether defendant is named in his official or individual capacity or both. Defendant's motion assumes that defendant is named solely in his official capacity. As plaintiff points out, however, the First Circuit has adopted the "course of the proceedings" test, under which courts "identify[] capacity to suit" based upon the pleadings and the proceedings, rather than relying solely on the words used in the complaint. Powell v. Alexander, 391 F.3d 1, 22 (1st Cir. 2004). Given that this action is still in the early stages of litigation, I decline to rule on the question now.

Accordingly, defendant's motion to dismiss Count IV (#4 on the docket) is allowed in part and denied in part.

| 07/10/06 | /s/ Rya W. Zobel |
|---|---|
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |