UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:05-11806 RWZ

_____

JODY REILLY,
    Plaintiff

V.

THOMAS ROBBINS, as Colonel
of the Massachusetts State Police
    Defendant
_____

## **ANSWER**

The Massachusetts State Police ("Defendant") responds to the amended complaint in corresponding paragraphs as follows:

1. Defendant admits that Jody Reilly is an employee of the Massachusetts State Police and its first female helicopter pilot, and denies that Thomas Robbins is Colonel of the Massachusetts State Police. The remainder of the first paragraph is an introductory statement that requires no response. To the extent that a response is required, Defendant denies the allegations.

   Defendant denies the allegations in the second paragraph.

   The last sentence of the third paragraph is a statement of plaintiff's prayer for relief and requires no response. Defendant denies the remaining allegations in this paragraph.

2. This paragraph is a legal conclusion that requires no response.

3. The statement concerning venue is a legal conclusion that requires no response. Defendant admits that the plaintiff is employed by the Massachusetts State Police ("MSP") in Massachusetts, and that the MSP's principal office is located in Framingham, Middlesex County, Massachusetts. The defendant is without knowledge or information

sufficient to form a belief as to the plaintiff's current residence. The defendant denies the remaining allegations of this paragraph.

4.  Defendant admits that the plaintiff filed a charge of discrimination with the Massachusetts Commission Against Discrimination ("MCAD") and the United States Equal Employment Opportunity Commission ("EEOC"). The allegation that she properly alleged discrimination at the MCAD and the EEOC is a legal conclusion that requires no response. To the extent that the statements pertaining to the allegations can be construed as factual, the defendant denies all those allegations

5.  This paragraph purports to describe the contents of a document that speaks for itself and requires no response.

6.  Admitted.

7.  The paragraph contains conclusions of law that require no response.

8.  Defendant is without knowledge or information sufficient to form a belief as to the plaintiff's residence and therefore can neither admit nor deny her allegation that she resides in Barnstable County. Defendant calls upon the plaintiff to prove the same. Defendant admits the remaining allegations in this paragraph.

9.  Defendant admits that the MSP is a department of the Commonwealth of Massachusetts with a principal place of business at 470 Worcester Road, Framingham, Middlesex County, Massachusetts and denies the remaining allegations in this paragraph.

10. Admitted.

11. Denied.

12. Dfendant admits that the Massachusetts State Police's Harassment Investigation Unit investigated the plaintiff's sexual harassment complaints filed against Lieutenant Michael

Barry and Trooper Timothy Riley. The defendant denies the remaining allegations in this paragraph.

13. Denied.

14. Admitted.

15. Admitted.

16. Defendant admits that the plaintiff, after her assignment to the Air Wing, was promoted to the position of Lead Tactical Flight Officer. The defendant denies the remaining allegations in this paragraph.

17. Defendant admits that in 2001 the plaintiff was selected for pilot training. The defendant denies the remaining allegation in this paragraph.

18. Defendant admits that in September 2001 the plaintiff received her commercial helicopter license from the FAA. The defendant denies the remaining allegations in this paragraph.

19. Defendant admits that the plaintiff obtained her license through training partially sponsored by the Massachusetts State Police, and that she received helicopter training through outside vendors and a member of the Massachusetts State Police. The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

21. Admitted.

22. Admitted.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

24. Admitted.

25. Denied.

26. Denied.

27. Defendant admits that the plaintiff's colleagues questioned her abilities and commented about concerns they had about her qualifications. Defendant denies the remaining allegations in this paragraph.

28. Denied.

29. Denied.

30. Defendant admits that Lieutenant Michael Barry, on February 2003, announced aircraft commander eligibility requirements. Defendant denies the remaining allegations in this paragraph.

31. Denied.

32. Denied.

33. Defendant admits that Trooper Kurt Burchfield sent a written complaint to Lt. Barry and states that the complaint speaks for itself.

34. Defendant admits that on May 7, 2003, the plaintiff sent a letter to Lieutenant Michael Barry and HIU alleging that an incident took place on April 29, 2003. Defendant denies the remaining allegation in this paragraph.

35. Defendant admits that Lieutenant Michael Barry informed members of the Air Wing about an incident. Defendant denies the remaining allegation in this paragraph.

36. Defendant admits that after a diligent investigation it issued a finding that Trooper Tim Riley was exonerated and denies the remaining allegations in this paragraph.

37. The defendant admits that on May 25, 2003, the plaintiff filed a complaint against Lieutenant Michael Barry. The defendant denies the remaining allegations in this paragraph.

38. The defendant admits that on May 17, 2004, the Massachusetts State Police exonerated Lieutenant Michael Barry. The defendant denies the remaining allegation in this paragraph.

39. Defendant admits that the plaintiff filed a complaint, on January 12, 2004, with the Massachusetts Commission Against Discrimination and the United States Equal Employment Opportunity Commission against her employer, The Massachusetts State Police, Former Col. Thomas Foley, Former Deputy Superintendent/Lieutenant Col. Bradley Hibbard, Chief Legal Counsel Eleanor Sinnott and Lieutenant Michael Barry. Defendant denies the remaining allegations of this paragraph.

40. The allegations in this paragraph are conclusions of law that require no response. To the extent that any allegation in this paragraph concerning purportedly unlawful practices is construed as factual, the defendant denies them.

41. The allegations in this paragraph are conclusions of law that require no response. To the extent that any allegation in this paragraph concerning purportedly unlawful practices is construed as factual, the defendant denies them.

42. The defendant admits to awareness of the plaintiff's complaints. The allegations in this paragraph are conclusions of law, which require no answer. To the extent that any allegation in this paragraph concerning purportedly unlawful practices is construed as factual, the defendant denies them.

43. Denied.

44. This paragraph contains conclusions of law that require no answer. To the extent that any allegation in this paragraph concerning purportedly unlawful practices is construed as factual, Defendant denies them.

45. Denied.

46. Denied.

### COUNT I – ALLEGING DISCRIMINATION BASED ON GENDER IN VIOLATION OF 42 U.S.C. § 2000e BY THE DEFENDANT, THOMAS ROBBINS, AS COLONEL OF THE MASSACHUSETTS STATE POLICE

47. Defendant restates and incorporates by reference his responses to all preceding paragraphs.

48. Denied.

49. Denied.

50. Denied.

### COUNT II – ALLEGING DISCRIMINATION BASED ON GENDER IN VIOLATION OF MASSACHUSETTS GENERAL LAWS CHAPTER 151B BY THE DEFENDANT, THOMAS ROBBINS, AS COLONEL OF THE MASSACHUSETTS STATE POLICE

51. Defendant restates and incorporates by reference his responses to all preceding paragraphs.

52. Denied.

53. Denied.

54. Denied.

### COUNT III – ALLEGING RETALIATION IN VIOLATION OF 42 U.S.C., § 2000e-3 BY THE DEFENDANT, THOMAS ROBBINS, AS COLONEL OF THE MASSACHUSETTS STATE POLICE

55. Defendant restates and incorporates by reference his responses to all preceding paragraphs.

56. The allegations in this paragraph are conclusions of law, which require no answer. To the extent that any allegation in this paragraph concerning purportedly unlawful practices is construed as factual, the defendant denies them.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

### COUNT IV – ALLEGING RETALIATION IN VIOLATION OF MASSACHUSETTS GENERAL LAWS CHAPTER 151B, § 4 (4), (4A), (5) BY THE DEFENDANT, THOMAS ROBBINS, AS COLONEL OF THE MASSACHUSETTS STATE POLICE

63. Defendant restates and incorporates by reference his responses to all preceding paragraphs.

64. The paragraph contains conclusions of law that require no answer.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

**DEFENDANT DENIES ALL ALLEGATIONS IN THE COMPLAINT THAT ARE NEITHER ADMITTED NOR DENIED, NOR OTHERWISE RESPONDED TO**

## DEFENSES

### FIRST DEFENSE

The plaintiff has failed to state a claim upon which relief can be granted

### SECOND DEFENSE

The plaintiff has failed to mitigate her damages

### THIRD DEFENSE

There is no causal connection between plaintiff's complaints of discrimination and any action taken by Defendant.

### FOURTH DEFENSE

Defendant exercised reasonable care to prevent discrimination in the workplace, investigate all allegations and promptly take all necessary steps in response to plaintiff's allegations of discrimination.

### FIFTH DEFENSE

To the extent that any and all legal and/or factual issues were litigated and determined by the Massachusetts Civil Service Commission, that commission's decision precludes relitigation of those facts and/or issues in this or any other action.

### SIXTH DEFENSE

To the extent that the complaint includes claims for acts purportedly occurring prior to three hundred days from the filing of her MCAD/EEOC complaint, any such claims are barred by the statute of limitations

### SEVENTH DEFENSE

Plaintiff was not subjected to any objectively and subjectively offensive conduct.

### EIGHTH DEFENSE

The plaintiff unreasonably failed to take advantage of any preventive opportunities provided by Defendant and/or to avoid harm otherwise.

## NINTH DEFENSE

Defendant intends to rely upon such other and further defenses that may become available or apparent during discovery and reserves the right to amend the answer to assert any such defenses

WHEREFORE the defendant requests judgment in its favor on all counts along with all other relief that this Court deems just and proper.

THE DEFENDANT CLAIMS A TRIAL BY JURY ON ALL ISSUES, CLAIMS AND AFFIRMATIVE DEFENSES PRESENTED IN THE PLAINTIFF'S COMPLAINT AND THE ANSWER.

THOMAS ROBBINS as Colonel
of the Massachusetts State Police
By his attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Maite A. Parsi        .
Maite A. Parsi, BBO No. 554009
Assistant Attorney General
Government Bureau/Trial Division
One Ashburton Place, 18th Floor
Boston, MA 02108
617-727-2200 x2572
maite.parsi@ago.state.ma.us

## CERTIFICATE OF SERVICE

I hereby certify that on this date, July 14, 2006 I served a copy of this document, filed through the ECF system, electronically to the only registered participant as identified on the Notice of Electronic Filing to the following electronic address: swlang@lxblaw.com.  There are no non-registered participants in this action.

/s/ Maite A. Parsi    .
Maite A. Parsi